THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFFREY BARTIK, Defendant-Appellant.

Second District    No. 79-545

Opinion filed March 27, 1981.

Mary Robinson and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

On June 1, 1978, the defendant, Jeffrey J. Bartik was charged by indictment with the offenses of murder (five counts), rape, armed robbery and burglary (two counts). Following defendant's guilty plea to one count of murder, a sentencing hearing pursuant to section 9—1(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 9—1(d)) was held to determine whether or not the defendant should receive the death penalty. The jury found that the murder had been committed in the course of an armed robbery and a burglary but found sufficient mitigating circumstances to preclude imposition of the death penalty. Pursuant to the provisions of section 5—8—1(a)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(a)(1)) the trial court sentenced the defendant to a term of natural life imprisonment.

Thereafter, pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)) the defendant filed his motion to withdraw his guilty plea and vacate the judgment. In his motion the defendant maintained that the sentence (1) was excessive and (2) did not take into account the defendant's potential for rehabilitation and was, therefore, violative of section 11 of article I of the Illinois Constitution. The motion was heard and denied. Defendant appeals from the denial of that motion.

In addition to the foregoing issues asserted in his motion to withdraw his plea of guilty, the defendant raises six more issues on appeal. They are as follows: (1) whether the trial judge's determination of sentence was controlled by personal policy to punish all murderers with death or natural life imprisonment rather than in accordance with the statutory guidelines in the Unified Code of Corrections, (2) whether the trial court erred when it considered in aggravation of sentence that an armed robbery occurred, (3) whether the trial judge erred in considering in aggravation of sentence evidence regarding the personality of the victim, (4) whether the Illinois provision for natural life imprisonment is unconstitutionally vague in its use of the standard "accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty," (5) whether the Illinois provision for natural life imprisonment violates due process and equal protection of law and (6) whether a sentence to a term of natural life imprisonment is cruel and unusual punishment.

The State appropriately points out that the defendant did not raise the additional six issues in his motion to withdraw his guilty plea and therefore these issues are waived and cannot be raised on appeal. Supreme Court Rule 604(d) states that "[u]pon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." More specifically, it has been held that even where the issues sought to be raised concern only sentencing errors, they must be raised in the 604(d) motion to withdraw the guilty plea to be preserved for appeal where the defendant has pleaded guilty. *People v. Bryant* (1977), 45 Ill. App. 3d 428, 430, *aff'd* (1977), 68 Ill. 2d 261.

In response, the defendant urges that the issues which he did raise in his 604(d) motion were drawn with sufficient specificity to preserve the additional six issues he now seeks to raise. In other words, he says that the issues which he seeks to address on appeal are closely related to the specific allegations which he did raise and in a sense are contained in those allegations. Defendant cites no case law in support of this assertion.

■■ In our research we have examined cases where the appellate court did address issues not specifically raised in post-trial motions but which were arguably contained in those issues which were specifically raised. (*People v. Menke* (1979), 74 Ill. App. 3d 220, and *People v. Swimley* (1978), 57 Ill.

App. 3d 116, *cert. denied* (1978), 439 U.S. 911, 58 L. Ed. 2d 257, 99 S. Ct. 281.) In those cases the issues addressed on appeal clearly related to the specific allegations contained in the post-trial motion. In the instant case, the six additional issues which the defendant seeks to raise are not closely related to the specific allegations contained in the 604(d) motion of the defendant and are not thereby preserved for appeal.

The defendant next urges that failure to raise particular issues was the result of ineffective assistance of counsel and should not bar appellate consideration. There is nothing in the trial court record to indicate that the defendant was dissatisfied with his counsel. (*People v. Precup* (1978), 73 Ill. 2d 7.) This is not a case where insufficiency of counsel was present because counsel failed to perfect the defendant's appeal by failing to file a 604(d) motion (*e.g., People v. Meacham* (1977), 53 Ill. App. 3d 762; *People v. LaPointe* (1980), 85 Ill. App. 3d 215, 219, *appeal allowed* (1980), 81 Ill. 2d 604) or where counsel failed to consult with the defendant concerning his allegations of trial error (*e.g., People v. Black* (1977), 55 Ill. App. 3d 417; *People v. Pulley* (1979), 75 Ill. App. 3d 193; see *People v. Norris* (1977), 46 Ill. App. 3d 536).

■■ The Illinois Supreme Court has recently held that failure of counsel to raise the issue of excessiveness of sentence in a 604(d) motion does not constitute ineffective assistance of counsel. (*People v. Robinson* (1980), 83 Ill. 2d 424, 428-29.) In *Robinson*, the court distinguished *People v. Porter* (1978), 61 Ill. App. 3d 941, wherein the 604(d) motion only alleged excessiveness of sentence, and the appellate court found that counsel's failure to plead the issue of an obvious Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402) violation amounted to no representation; there was, therefore, ineffective assistance of counsel so that the judgment based on the guilty plea was vacated even though the failure to comply with Rule 402 was not raised in the 604(d) motion. (*People v. Porter* (1978), 61 Ill. App. 3d 941, 946.) In contrast to *Porter*, the omitted issues in *Robinson*, and in the instant case, do not go to a substantial defect in the entry of the plea but rather relate to appropriateness of the sentence. It cannot be fairly said, on the facts of this case, that counsel's failure to raise the additional six issues in his 604(d) motion ignored such "obvious" errors so as to amount to no representation. See *People v. Robinson* (1980), 83 Ill. 2d 424, 429.

■■ Finally, the defendant urges that the plain-error doctrine, based on Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)), is applicable. The plain-error doctrine is a method of ameliorating the harsh effects of the waiver rule but its application is not automatic in all instances where errors involving substantial rights are not raised in the trial court. (*People v. Precup* (1978), 73 Ill. 2d 7, 16.) The plain-error rule does encompass those errors of such magnitude that the commission

thereof denies the accused of a fair and impartial trial. (*People v. Carlson* (1980), 79 Ill. 2d 564, 576-77.) Defendant has not cited, nor has our research yielded, cases where the plain-error doctrine has been invoked by the reviewing court where the alleged errors were limited to the question of the appropriateness of sentence rather than the question of innocence or guilt. Nevertheless, we have reviewed the six additional errors and find they do not reach that degree of magnitude to be included within the plain-error rule. Since these issues were not raised in the motion to withdraw the guilty plea, they have not been preserved for appeal and are waived.

We take up, therefore, the issues which the defendant has properly raised on appeal. First, the defendant contends that the sentence of natural life imprisonment is excessive.

The defendant cites evidence of his strong potential for rehabilitation: (1) his confession while not a prime suspect, (2) his guilty plea, (3) his penitent spirit and moral character evident in his statement at the sentencing hearing, (4) his religious conversion and (5) the absence of violent acts in his past. The defendant also cites other factors mitigating against such a stern sentence: (1) his home life after his mother's remarriage and the corporal punishment he suffered, which produced a violent dream life, (2) a personality or character disorder aggravated by excessive use of alcohol and drugs and (3) his youth (21 years old at the time of the commission of the offense). The defendant cites cases wherein the reviewing court considered these factors in murder cases and reduced sentence to a term of years, so that the defendant could be paroled at some time in the future (*People v. Crews* (1969), 42 Ill. 2d 60, wherein a death sentence was reduced to 20-35 years where the offender was 34 years old at the time of the crime, had no prior criminal record and was consuming excessive amounts of amphetamines; *People v. Walcher* (1969), 42 Ill. 2d 159, wherein a death sentence was reduced to 40-65 years where the offender was an alcoholic and had a prior criminal record of felony convictions; *People v. LaPointe* (1980), 85 Ill. App. 3d 215, 224, *appeal allowed* (1980), 81 Ill. 2d 604, wherein the court reduced a natural life sentence to 60 years where the defendant was 18 years old at the time of the offense, was not violent or aggressive, had one prior burglary conviction for which he received probation, and had a history of drug abuse) to support his contention that the sentence in this case was excessive and should be reduced pursuant to Supreme Court Rule 615(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(b)(4)).

The State responds that virtually none of the statutory mitigating factors (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1) are present in this case, that the defendant's religious conversion was in response to the initiatives of others and is understandable where a person possibly faces a

death penalty, that divorce and its problems are commonplace in our society and that many claims regarding the defendant's childhood were unsupported by the evidence and, citing *People v. Nobles* (1980), 83 Ill. App. 3d 711, that defendant's abuse of alcohol and drugs does not bar imposition of a natural life sentence.

■■ The trial judge in the case at bar specified the reasons for imposing a natural life sentence on the record, stating in part:

> "The murder here was frought [*sic*] by brutal and heinous behavior. The victim of wanton cruelty, the beating in the head repeatedly with a bowling pin of an unsuspecting victim, the abuse of her body by tearing the vagina and anus with some foreign object, and the burglary of that apartment. The fact, it was an armed robbery and the abuse to her."

Although he did not recite the mitigating factors he considered, evidence on mitigation and rehabilitative potential was in the record, and, in his statement of reasons, the trial judge stated that he did consider them. He said that he thought about aggravating and mitigating factors and made notes concerning them during the two weeks' duration of the sentencing hearing. In his recitation of reasons for a particular sentence determination, the trial judge is not required to itemize and set value on each item of evidence considered at the sentencing hearing. *People v. Meeks* (1980), 81 Ill. 2d 524, 534.

The proper standard in determining whether or not the trial court erred in fixing sentence is whether the trial court abused its discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149.) *Perruquet* defers to the trial judge's better opportunity to consider the circumstances of each case stating as follows:

> "[T]he trial judge was in the best position to observe and evaluate the myriad factors which comprise the sentencing determination. It is not our function to serve as a sentencing court, and we will not substitute our judgment for that of the trial court merely because we feel that we would have imposed a different sentence had that function been delegated to us." (68 Ill. 2d 149, 156.)

This standard was recently reaffirmed in *People v. Cox* (1980), 82 Ill. 2d 268, 281.

■■ Although the sentence imposed was a severe one and there have been some cases in which defendants received sentences for a term of years rather than natural life where the balance of aggravating and mitigating circumstances appear to be more heavily against the defendant than in the instant case, the record in the instant case does not appear to support a finding that the sentence imposed was an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149.) The court did weigh punishment and rehabilitative factors (*People v. Smith* (1980), 91 Ill. App. 3d 438, 451-52)

and was not required to give the latter greater consideration than the former *(People v. Waud* (1977), 69 Ill. 2d 588). Considering all of the circumstances in evidence in this case, we cannot say that the sentence was excessive or that the trial court abused its discretion in imposing the sentence of natural life imprisonment.

The second issue raised by the defendant is whether or not the Illinois provision for natural life imprisonment violates section 11, article I of the Illinois Constitution. The defendant first argues that the cited constitutional section mandates an express finding by the trial court that there is no possibility of restoring the particular defendant to useful citizenship in order to impose a natural life sentence and that there was no such finding in this case. This same question was presented to this court recently in *People v. Smith* (1980), 91 Ill. App. 3d 438, 450, and this court held that the constitution does not so mandate and that it is not necessary to find the defendant utterly devoid of rehabilitative potential in order to impose the sentence of natural life imprisonment. The record must show that the trial judge considered both the seriousness of the crime and the defendant's rehabilitative potential. The record in the present case shows that the trial court did consider the evidence at the sentencing hearing regarding both of these factors in considering an appropriate sentence.

■■ The defendant next maintains that the Uniform Code of Corrections provision for natural life imprisonment (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(a)(1)) violates article I of section 11 of the Illinois Constitution in that it does not expressly require the court to consider the defendant's rehabilitative potential. The natural life imprisonment provision provides as follows:

> "(a) A sentence of imprisonment for a felony shall be a determinate sentence set by the court under this Section, according to the following limitations:
>
> (1) for murder, a term shall be not less than 20 years and not more than 40 years, or, if the court finds that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty or that any of the aggravating factors listed in subsection (b) of Section 9—1 of the Criminal Code of 1961 are present, the court may sentence the defendant to a term of natural life imprisonment; * * *." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(a)(1).)

Contrary to the defendant's position, the statutory provision in question is not rendered violative of article I, section 11, of the Illinois Constitution for failing to expressly require the court to consider the rehabilitative potential of the defendant because the court is required to do so under the constitutional section and under section 1—1—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1001—1—2). *(People v. Smith*

(1980), 91 Ill. App. 3d 438, 449.) Cases cited by the defendant support the proposition that the court is mandated to consider both the seriousness of the offense and the defendant's rehabilitative potential by article I, section 11 of the State Constitution; the Unified Code of Corrections specifically requires the court to consider mitigating factors (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1) bearing directly on the question of the rehabilitative potential as well as the aggravating factors (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2) in fixing any term of imprisonment, including a term of natural life.

The record in this case shows that the trial court did consider both the rehabilitative potential of the defendant and the nature of this particular offense; sentence was imposed after consideration of all factors in mitigation and aggravation. In this case, as in *People v. Smith* (1980), 91 Ill. App. 3d 438, the defendant's position that the Illinois natural life imprisonment provision violates article I, section 11 of the Illinois Constitution on its face (*Smith*, at 449) and as applied (*Smith*, at 452) is without merit.

The judgment of the Eighteenth Judicial Circuit, Du Page County, Illinois, is affirmed.

Affirmed.

LINDBERG and NASH, JJ., concur.