THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RUSSELL D. SIERRA, Defendant-Appellant.

Second District   No. 83—927

Opinion filed April 11, 1984.

G. Joseph Weller and Robert Hirschhorn, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Judith

M. Pietrucha, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Russell D. Sierra, pleaded guilty to count I of an amended information charging him with the offense of theft committed on October 23, 1983, "in that he knowingly obtained by means of deception, temporary use of labor or services of Jerry Kopecky, which labor or services are available only for hire, in that he obtained taxicab transportation from Jerry Kopecky and thereafter failed to pay for such transportation, and the said defendant having been previously convicted of theft in the Circuit Court of Winnebago County, Illinois on July 23, 1971," in violation of section 16—1(e) and section 16—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 16—1(e), 16—3(a)).

In substance, the information in this cause charged the defendant with felony theft under the enhancement provisions of section 16—1(e) on the grounds that the defendant had committed the offense of theft of labor or services under section 16—3(a) after having previously committed another theft. After a sentencing hearing, defendant was sentenced to a term of two years in the custody of the Department of Corrections. Thereafter, the defendant's motion made pursuant to Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) to withdraw his plea of guilty was denied, and the defendant has appealed.

On appeal defendant has raised the single issue that the trial court had no statutory authority under section 16—1(e)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)(1)) to enhance the offense of theft of labor or services to a Class 4 felony on the grounds that he had previously been convicted of theft. Defendant requests that this court reduce the degree of his conviction from a Class 4 felony to a Class A misdemeanor and enter the appropriate sentence thereon. The State has not responded to this contention other than to assert that the defendant has waived this issue because he failed to raise it in his Rule 604(d) motion to withdraw his guilty plea. 87 Ill. 2d R. 604(d); *People v. Bartik* (1981), 94 Ill. App. 3d 696, 698.

■■ We agree with defendant that the enhancement provisions of section 16—1(e)(1) do not provide any statutory authority for the enhancement of theft of labor or services or use of property as defined in section 16—3 to a felony offense. In reaching this conclusion we have abided by recognized rules of statutory construction: the cardinal rule is to ascertain and give effect to the true intent and meaning of

the legislature (*People v. Boykin* (1983), 94 Ill. 2d 138, 141); the language used in the statute is a primary source to determine that intent (see *People v. Haron* (1981), 85 Ill. 2d 261, 266); and where the language is certain and unambiguous the proper function of the court is to enforce the statute as enacted (*Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 363). We are also aware that any ambiguities in a penal statute, particularly in the case of enhancement provisions, must be resolved in favor of the defendant (*People v. Mc-Carty* (1983), 94 Ill. 2d 28, 34-35; *People v. Hobbs* (1981), 86 Ill. 2d 242) and that we are required to apply a policy of lenity in interpreting criminal statutes (*People v. Haron* (1981), 85 Ill. 2d 261, 277-78).

■ Sections 16—3 and 16—1 deal with two different types of theft. Section 16—3(a) deals solely with theft arising out of the temporary use of property, labor or services of another and only where the property, labor or services are for hire and the offender obtains the temporary use thereof by means of threat or deception or knowing that such use is without consent of the person providing the property, labor or services. Section 16—3(c) provides that a person convicted of such offense is guilty of a Class A misdemeanor. There are no enhancement provisions contained in section 16—3.

Section 16—1 deals with the more serious offense of theft of property and includes a broad category of types of theft, but the common element which permeates all thefts set forth in section 16—1 is that the owner will be permanently deprived of the use or benefit of his property. The relevant sentencing provision of that section provides as follows:

> "Theft of property, other than a firearm, not from the person and not exceeding $300 in value is a Class A misdemeanor. A second or subsequent offense after a conviction of any type of theft, including retail theft, other than theft of a firearm, is a Class 4 felony." (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)(1).)

Read in context, the words "second or subsequent offense" in the second sentence of the foregoing subparagraph refers to the offense of "theft of property" as set forth in the first sentence. It is evident that by this language the legislature intended to enhance the penalty for the conviction of certain types of theft of property as defined in section 16—1, to a Class 4 felony.

While theft of labor or services or the use of property is included within the meaning of the term "any type of theft" in section 16—1(e)(1) and a conviction of such an offense might have been used as a basis to enhance the penalty for the conviction of theft of property, the converse is not true. There is no suggestion contained in the lan-

guage of section 16—1(e)(1) that the legislature intended to deal other than with the theft of property as defined in section 16—1. If the legislature had wished to enhance the penalty for a second or subsequent conviction of the offense of theft of labor or services or the use of property as defined in section 16—3, it could have expressly provided for such enhancement in that section and as it specifically did in section 16—1(e)(1) theft of property, section 16—5(c) theft from coin-operated machines, and section 16A—10 retail theft of property. The absence of such an enhancement provision in section 16—3 strengthens our conviction that the legislature did not intend to provide any authority for enhancing the penalty for the conviction of a second or subsequent offense of theft of labor or services or the use of property from a misdemeanor to a felony. The trial court erred in applying the enhancement provision of section 16—1(e)(1) to the offense of theft of labor or services or the use of property set out in section 16—3.

The State argues that any error committed by the trial court should be considered waived, since defendant did not raise it in his Rule 604(d) motion. (87 Ill. 2d R. 604(d); *People v. Bartik* (1981), 94 Ill. App. 3d 696, 698.) However, we have concluded that the court did not have the statutory authority to convict and sentence the defendant for a felony theft, so that such a conviction or order, which significantly restricted the liberty of the defendant, was a nullity. (See *People v. McCarty* (1983), 94 Ill. 2d 28, 37.) In addition, since the information was insufficient to charge the defendant with the commission of a felony, his guilty plea to such a felony must also be held for naught. (See *People v. McCarty* (1983), 94 Ill. 2d 28, 39.) Because the error committed affected the substantial rights of the defendant, we have, under the plain error doctrine (87 Ill. 2d R. 615(a)), chosen not to apply the waiver rule of Rule 604(d) (87 Ill. 2d R. 604(d)).

Since the defendant could not have been convicted for felony theft for failing to pay the driver of the taxi cab, the sentence based on that conviction was void (*People v. McCarty* (1983), 94 Ill. 2d 28, 40) and requires, not reduction, but reversal of the judgment of conviction and sentence.

Reversed.

SEIDENFELD, P.J., and LINDBERG, J., concur.