THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK A. STEELE, Defendant-Appellant.

Second District   No. 2—86—0627

Opinion filed June 10, 1987.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert J. Morrow, State's Attorney, of Geneva (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Mark Steele, appeals his conviction of retail theft. (Ill. Rev. Stat. 1985, ch. 38, par. 16A—3.) He claims he was not proved guilty beyond a reasonable doubt because he voluntarily abandoned the criminal enterprise.

Judith Wetterman was working as a security guard at the Zayre Department Store in Elgin on January 5, 1986. She observed two black men in the brand-name electronics area. She subsequently identified one of these men as defendant. She observed defendant detach a videocassette recorder from a display and place it in a cart. Defendant's companion returned from the record department with an album which was also placed in the cart. A package of cardboard filing boxes was also added. Wetterman "backed off" somewhat as defendant and his companion continued to push the cart around the store. Defendant eventually pushed the cart to the "front rail" area of the store, near the entrance. The two men then went to a register and made a small purchase. Defendant's companion walked outside, while defendant walked over to the cart and began pushing it forward. He pushed it through the first of two sets of double doors, leaving it in the vestibule between the two. Defendant then left the store, and he and his companion began walking across the parking lot.

Wetterman obtained the assistance of several store employees and called to defendant to stop. Defendant refused to return to the store with Wetterman and discuss the incident. The Kane County State's Attorney filed an information charging defendant with retail theft, and the matter proceeded to a bench trial on May 13, 1986.

Michael Jones testified for defendant. He stated he was with defendant on the day in question. Both Jones and defendant testified that they were in the store for only a few minutes. Each made a small purchase and left the store. They did not push a cart around the store, except to move a cart which was blocking the door. They did not enter the area of the store where VCR's are displayed.

During closing arguments, defense counsel argued that where

defendant did not conceal the merchandise and the items never left the store, the offense of retail theft was not complete; only an attempted theft occurred. The court queried, "When is the offense of retail theft completed?" Since the matter was to be continued anyway, the court permitted the parties to research the question further. At the continued hearing, neither party was able to produce any cases similar to the present one. The court found the defendant guilty of retail theft. At a subsequent hearing, the court sentenced defendant to 30 months' probation, including 180 days in the county jail.

On appeal, defendant argues that he abandoned his intention to steal the merchandise before completing the offense and that this constitutes a valid defense. Defendant concedes that Illinois has not previously provided for an abandonment defense where a defendant has been charged with attempt (*People v. Davis* (1979), 70 Ill. App. 3d 454, 456, 388 N.E.2d 887), but urges us to follow the lead of a number of jurisdictions which have done so, either by statute or court decision (see *State v. Cox* (Minn. 1979), 278 N.W.2d 62, 66-67 (defense established by statute); *People v. Johnson* (1978), 41 Colo. App. 220, 222, 585 P.2d 306, 308 (statute); *Barnes v. State* (1978), 269 Ind. 76, 81-82, 378 N.E.2d 839, 843; see also W. LaFave & A. Scott, Criminal Law sec. 60, at 450 (1972)).

As defendant recognizes, the general rule is that abandonment of the criminal purpose is not a defense to the charge of attempt. (Annot., 76 A.L.R.3d 842, 860 (1977).) Defendant, however, cites *People v. Brown* (1980), 90 Ill. App. 3d 742, 414 N.E.2d 475, in which the Appellate Court for the Third District was tempted to permit such a defense. The court stated, however, that such an action was properly left to the legislature. (90 Ill. App. 3d 742, 749, 414 N.E.2d 475.) In more than six years since *Brown* was decided, the legislature has not seen fit to follow the court's suggestion and provide an abandonment defense. The year after *Brown*, our supreme court reaffirmed the unavailability of the defense to a charge of attempted murder. *People v. Myers* (1981), 85 Ill. 2d 281, 290, 426 N.E.2d 535; see also *People v. Hiller* (1955), 7 Ill. 2d 465, 470, 131 N.E.2d 25.

■ We have no authority to override the judgment of the legislature and the supreme court and provide for the defense of which defendant seeks to avail himself. As the Indiana Supreme Court stated, "in order for a defendant to validly assert the defense of abandonment it must be shown that his renunciation of the criminal plan occurred both voluntarily and prior to the time when the crime was completed." (*Barnes v. State* (1978), 269 Ind. 76, 82, 378 N.E.2d 839, 843.) Once a crime has been completed, a defendant cannot attempt

to undo what he has just done and escape punishment. For example, in the case of theft, subsequent payment is at best a factor in mitigation of sentence. (See Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1(6).) Defendant, of course, was convicted of the completed offense. He appears to argue that pushing the cart into the vestibule did not complete the offense and that taking the cart through the final set of double doors was the final act needed to complete the crime. Thus, the issue would be the same one posited by the trial court: "When is the offense of retail theft completed?" After carefully examining the statute defining the offense, we agree with the trial court that defendant completed the offense of retail theft.

The Criminal Code of 1961 defines the offense of retail theft as follows:

"A person commits the offense of retail theft when he or she knowingly:

(a) Takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment with the intention of retaining such merchandise or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise ***." (Ill. Rev. Stat. 1985, ch. 38, par. 16A—3(a).)

The Code also provides for the following presumptions:

"If any person:

(a) conceals upon his or her person or among his or her belongings, unpurchased merchandise displayed, held, stored or offered for sale in a retail mercantile establishment; and

(b) removes that merchandise beyond the last known station for receiving payments for that merchandise in that retail mercantile establishment such person shall be presumed to have possessed, carried away or transferred such merchandise with the intention of retaining it or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise." (Ill. Rev. Stat. 1985, ch. 38, par. 16A—4.)

Under section 16A—3(a), the offense is complete when a defendant "[t]akes possession of, carries away, transfers or causes to be carried away or transferred" any merchandise with the intention of permanently depriving the merchant of it. Thus, under the literal terms of the statute, one could commit retail theft by merely picking up an item in a retail store with the intention of taking it, even if he

changed his mind almost immediately and replaced the item. In practical terms, such an offense could seldom, if ever, be prosecuted because of the impossibility of proving the defendant's intent. Section 16A—4 attempts to alleviate the difficulty of proof in all retail theft cases by providing a reasonable point beyond which a defendant is presumed to have intended to steal the merchandise.

In the instant case, defendant clearly pushed the cart beyond the last known station for payment. Although the presumption contained in section 16A—4 is arguably not applicable because defendant did not conceal the merchandise on his person, we believe the section expresses the legislature's intention that the offense be deemed completed when the defendant moves merchandise beyond the last known payment station. Defendant did not offer a reasonable explanation for his conduct sufficient to overcome the presumption. He testified that he was merely moving the cart out of his way. This story conflicts with the testimony of the State's witnesses, and the trial court obviously did not accept it. Such conflicts in the evidence are for the trier of fact to resolve. *People v. Ocasio* (1986), 148 Ill. App. 3d 418, 423, 499 N.E.2d 528.

*People v. Connell* (1980), 91 Ill. App. 3d 326, 414 N.E.2d 796, lends further support to this position. In that case, defendant attempted to conceal merchandise in a shopping bag while paying for other items. The store manager had become suspicious and alerted police, who arrested defendant as soon as he walked beyond the checkout counter. Relying on the section 16A—4 presumption, the appellate court upheld defendant's conviction for retail theft despite the fact that he was still inside the store when arrested. (91 Ill. App. 3d 326, 335, 414 N.E.2d 796.) While *Connell* is arguably distinguishable on the basis that the defendant there made an effort to conceal the merchandise among his belongings, it supports the proposition that the offense of retail theft is completed at some point before the merchandise leaves the store.

In addition, even in the absence of the statutory presumption (Ill. Rev. Stat. 1985, ch. 38, par. 16A—4), the activities by the defendant and his companion while in the store, including his depositing the cart in the vestibule, were sufficient evidence that he had committed the offense of retail theft (Ill. Rev. Stat. 1985, ch. 38, par. 16A—3(a)). Since defendant was properly convicted of the completed offense of retail theft, the abandonment defense would not be available to him even if it were otherwise provided for.

The legislature and the supreme court have not seen fit to provide for an abandonment defense for attempted crimes in Illinois. Even if

we were inclined to do so on our own, it would not be available to this defendant, who was properly convicted of the completed offense.

For the reasons stated the judgment of the circuit court of Kane County is affirmed.

Affirmed.

WOODWARD and NASH, JJ., concur.