Ms. Paula G. Pumphrey, Director Department of Community Punishment Two Union National Plaza Building 105 West Capitol, 2nd Floor Little Rock, Arkansas 72201-5731
Dear Ms. Pumphrey:
This is in response to your request for an opinion on six questions concerning Act 989 of 1997, the "Sex and Child Offender Registration Act of 1997." Generally, the registration requirements of Act 989 apply to a person who is adjudicated guilty of a sexually violent offense, a sex offense, or an offense against a victim who is a minor and under laws of other states . . . or former law of this state. . . . More specifically, no later than thirty days after the effective date of Act 989,[1] the Department of Community Punishment must "register an offender who, on the effective date of this act, is under supervision in the community on parole, furlough, work release, or a similar program." Your questions in this regard are restated and answered below in the order posed.
Question 1 — How do you determine whether an offense of the law ofanother state is substantially equivalent to the offenses enumerated inthe relevant subsections, as set forth in § 3(8)(F) and § 3(12)(S), when"substantially equivalent" is not defined in the Act?
It should be noted initially that this office cannot supply a controlling definition of a particular term where the legislature has elected not to provide one. Nevertheless, it may reasonably be concluded that a court would in all likelihood consider an offense of the law of another state substantially equivalent to one of the enumerated offenses if the offenses contain the same elements.
I have found no helpful case law from Arkansas that defines the term "substantially equivalent" in this context. Case law concerning comparable issues from other jurisdictions may, however, be helpful in the absence of Arkansas case law directly on point.
In determining whether offenses are substantially equivalent, courts have generally considered whether the elements of the offenses are the same. In Illinois, an offender who commits criminal sexual assault may be sentenced to an enhanced term of imprisonment if he was previously convicted in another state "for any offense involving criminal sexual assault that is substantially equivalent to or more serious than the sexual assault prohibited under this section [criminal sexual assault]."720 ILCS 5/12-13(b) (West 1994); Illinois v. Gapski, 670 N.E.2d 1116
(Ill.App.Ct. 1996); Illinois v. Juris, 545 N.E.2d 1059 (Ill.App.Ct. 1989). The Illinois Court of Appeals, Second District, has concluded that the elements of the prior offense must be compared with the elements of criminal sexual assault in order to determine if the prior offense was substantially equivalent to or more serious than criminal sexual assault under Illinois law. Id. In Juris, the court concluded that the offense of attempted rape was not substantially equivalent to or more serious than the offense of criminal sexual assault. The court stated that criminal sexual assault required an act of penetration; however, attempted rape did not require penetration. Id. The absence of the element of penetration rendered the offense of attempted rape inferior to criminal sexual assault. Id.
Further, in determining whether an offense was substantially equivalent to any of the offenses defined as an "offense of violence" under Ohio law, Ohio courts have compared the elements of the offenses. Ohio v.Blatnik, 478 N.E.2d 1016 (Ohio Ct.App. 1984); Ohio v. Covington,668 N.E.2d 520 (Ohio Ct.App. 1995). Similarly, federal courts have compared the elements of a state offense with the elements of federal offenses in order to determine whether a state offense was "substantially similar" to certain federal controlled substance offenses for purposes of sentencing. U.S. v. Brown, 903 F.2d 540 (8th Cir. 1990); U.S. v. Cruz,882 F.2d 922 (5th Cir. 1989).
In addition, in interpreting statutory language, the Arkansas Supreme Court will construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. Brimer v. Ark.Contractors Licensing Bd., 312 Ark. 401, 849 S.W.2d 948 (1993). According to Black's Law Dictionary (5th ed. 1979), the term substantially means "Essentially; without material qualification; in the main; in substance; materially; in a substantial manner." Further, the term equivalent means "Equal in value, force, measure, volume, power, and effect or having equal or corresponding import, meaning or significance; alike, identical." Id.
Although the definition of the term "substantially equivalent" may ultimately require legislative or judicial clarification, it may reasonably be concluded that the elements of the offense committed in another state must be compared to the elements of those offenses enumerated in Section 3(8) and Section 3(12) of Act 989. If the offense committed in another state and one of the enumerated offenses contain the same elements, then the offenses are in all likelihood substantially equivalent. It should, however, be noted that criminal penalties are imposed for a failure to register; therefore, to the extent there is an ambiguity in the statute, it will be construed in favor of the defendant. Knapp v. State, 283 Ark. 346, 676 S.W.2d 729 (1984) (penal provisions are to be strictly construed with all doubts resolved in favor of the accused).
Question 2 — Are the offenses of the attached laws of other statessubstantially equivalent to the offenses enumerated in § 3(8)(A)-(E) and§ 3(12)(A)-(R)?
Question 3 — If any of the offenses of the attached laws are notsubstantially equivalent to the offenses enumerated in the Act and theoffense was non-consensual or the victim was under the age of 12, wouldthey be considered a "sexually violent offense" as defined in § 3(14)?
I note that you included with your letter a list that contains the names of offenses that were committed in specified states, e.g. Texas — sexual assault. Although in some cases you also included a reference to a specific statute of the foreign state, there is no indication regarding the statute in effect at the time the offense was committed. A determination of whether the attached offenses are substantially equivalent to the offenses enumerated in Section 3(8) or Section (12), as well as a determination of whether an offense would be considered a "sexually violent offense" pursuant to Section 3(14), is beyond the scope of an Attorney General opinion. The elements of the actual offense that an offender was found guilty of must be compared to the elements of the offenses enumerated in Act 989. This determination should initially be made by the Department of Community Punishment based upon all available information concerning the out of state conviction. With regard to the decision concerning whether the Department must register an offender, it should be noted that "Public officials, public employees, and public agencies are immune from civil liability for good faith conduct under this act." Section 20(a) Act 989 of 1997. Further, the State Agencies division of this office will, upon request, offer legal assistance to the Department with regard to the decision-making process.
Question 4 — If any of the offenses of the attached laws are notsubstantially equivalent to the offenses enumerated in Act 989 and arenot "sexually violent offenses" as defined in the Act, but the offenderconvicted of the other state's law is required to register in thatstate, is that offender required to register in Arkansas?
In my opinion, Act 989 does not require a person to register in Arkansas simply because he is required to register in another state. Rather, the actual offense that was committed in another state must be examined in order to determine if it is an "offense" that subjects a person to the registration requirements of Act 989.
Again, the registration requirements of Act 989 generally apply to a person who is adjudicated guilty of a sexually violent offense, a sex offense, or an offense against a victim who is a minor. A "`sexually violent offense' means any state, federal, or military offense which includes a sexual act as defined in 18 U.S.C. 2246(2) with another person if the offense is non-consensual or the person is under the age of twelve." Act 989 of 1997, § 3(14). A person is considered to have committed an "offense against a victim who is a minor" or a "sex offense" if he has been adjudicated guilty for an offense of the law of another state, for a federal offense, or for a military offense, which is substantially equivalent to any of the enumerated state offenses. Act 989 of 1987, § 3(8 12). In short, regardless of whether a person is required to register in another state, Act 989 requires that the offense committed in that state be examined in order to determine whether the person must register pursuant to Act 989. If the offense committed in another state is not substantially equivalent to any of the offenses enumerated in Act 989 and is not a "sexually violent offense," the person is not required to register pursuant to Act 989.
Question 5 — In § 3(8)(D), does "[a]ny sex offense when the victim is aminor," refer only to the sex offenses enumerated in § 3(12) when thevictim is a minor?
Section 3(8) provides in part that "`Offense against a victim who is a minor' means: . . . (D) Any sex offense when the victim is a minor." Section 3(12) specifically defines the term "sex offense." It has been stated that "in construing an act, the courts are bound by specific definitions of a word by the legislature in that act, regardless of the usual and ordinary meaning of that word; unless the definition is arbitrary, creates obvious incongruities in the statute, defeats a major purpose of the legislation or is so discordant to common usage as to generate confusion." Second Injury Fund v. Yarbrough, 19 Ark. App. 354,721 S.W.2d 686 (1986); Bird v. Pan Western Corp., 261 Ark. 56,546 S.W.2d 417 (1977). Accordingly, it is my opinion that the term "sex offense" as used in Section 3(8)(D) refers only to those sex offenses enumerated in Section 3(12).
It should be noted that when construing an act, the legislative intent is to be acquired from a consideration of the statute which gives effect to every word if possible, and any construction which would render meaningless one or more clauses of the act is to be avoided if possible.Second Injury Fund, supra. Although Section 3(8)(D) is rendered somewhat superfluous because any person who commits a sex offense, regardless of whether the victim is a minor, is required to register, it is clear that the legislature contemplated that the definitions of "offense against a victim who is a minor," "sex offense," and "sexually violent offense" would overlap. For example, several of the sex offenses enumerated in Section 3(12) are offenses that may only be committed where the victim is a minor. Further, it is apparent that certain offenses, such as rape, may qualify as an "offense against a victim who is a minor," a "sex offense," and a "sexually violent offense."
Question 6 — Do the parolees and probationers who transfer to supervisionin Arkansas pursuant to the Interstate Compact after the effective dateof Act 989 register according to § 5(4)? If their obligation to registeris in § 5(4), does the Department of Community Punishment have anyresponsibility with respect to the registration of the offender?
In my opinion, any person moving to Arkansas after the effective date of Act 989, who is required to register pursuant to Act 989, must register with the local law enforcement agency in the jurisdiction where the offender expects to reside. It is also my opinion that the Department of Community Punishment is only responsible for registering those offenders who, on August 1, 1997, were under its supervision in the community on parole, furlough, work release, or a similar program.
Section 4 of Act 989 provides in part that the registration requirements of Act 989 apply to "(2) a person who is serving a sentence of incarceration, probation, parole, or other form of community supervision as a result of an adjudication of guilt for a sexually violent offense, a sex offense, or an offense against a victim who is a minor, on the effective date of this act." In addition, Section 5(a) of Act 989 provides in part: "(3) No later than thirty (30) days after the effective date of this act, the Department of Correction or the Department of Community Punishment, whichever is responsible for supervision, shall register an offender who, on the effective date of this act, is under supervision in the community on parole, furlough, work release, or a similar program." Thus, the Department of Community Punishment is responsible for registering those offenders who, on August 1, 1997, were under its supervision. The Department, however, does not have a continuing obligation to register offenders under Act 989. Accordingly, if an offender was not under the supervision of the Department of Community Punishment on August 1, 1997, the effective date of the Act, the Department is not responsible for registering that offender.[2]
With regard to a parolee or probationer who, after August 1, 1997, transfers to supervision in Arkansas pursuant to the Interstate Probation and Parole Compact, it is my opinion that the individual parolee or probationer is responsible for registering with the local law enforcement agency in the jurisdiction where he or she expects to reside. Section 5(4) of Act 989 provides: "An offender moving to or returning to this state from another jurisdiction shall register with the local law enforcement agency having jurisdiction no later than thirty (30) days after the effective date of this act or thirty (30) days after the offender establishes residency in a municipality or county of this state, whichever is later."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Act 989 of 1997 did not contain an emergency clause or a specified effective date; therefore, it became effective on August 1, 1997. See
Op. Att'y Gen. 97-144.
[2] Section 5(a)(1) provides that "an offender who is adjudicated guilty after the effective date of this act shall be registered by the clerk of the sentencing court at the time of the offender's sentencing." (Emphasis supplied.)