THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SAMMY DICOSTANZO, Defendant-Appellee.

First District (2nd Division)   No. 1—98—1733

Opinion filed March 31, 1999.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Janet Powers Doyle, and Lisa Preston, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago (Pamela Leeming, Assistant Public Defender, of counsel), for appellee.

PRESIDING JUSTICE GORDON delivered the opinion of the court:

The defendant, Sammy Dicostanzo, was arrested for the offense of misdemeanor retail theft (720 ILCS 5/16A—3, 16A—10(1) (West 1996)). He was charged with the enhanced offense of felony retail theft under section 16A—10(2) of the Criminal Code of 1961 (720 ILCS 5/16A—10(2) (West 1996)) based upon his prior conviction for attempted burglary. The defendant moved to dismiss the charge of felony retail theft, arguing that attempted burglary was not enumerated in the list of offenses under section 16A—10(2) for which enhancement could occur. The trial court granted defendant's motion, and the State appeals.

The sole issue on appeal is whether the inchoate forms of the offenses enumerated in section 16A—10(2) of the retail theft provision of the Criminal Code of 1961 (the Criminal Code) (720 ILCS 5/16A—10(2) (West 1996)) implicitly support enhancement from misdemeanor retail theft to felony retail theft.

## BACKGROUND FACTS

The defendant was arrested on December 12, 1997, after attempting to pass the last point of sale at a K mart store with a Panasonic telephone, valued at less than $150, concealed in his jacket. At the time of his arrest, the defendant had been previously convicted of attempted burglary. Based upon the latter conviction, the State enhanced the charge of retail theft from a Class A misdemeanor to a Class 4 felony. The statute allowing that enhancement, section 16A—10(2) of

the Criminal Code (hereinafter referred to as the enhancement provision), provides in pertinent part as follows:

> "A person who has been convicted of retail theft of property, the full retail value of which does not exceed $150, and who has been previously convicted of any type of theft, robbery, armed robbery, burglary, residential burglary, possession of burglary tools or home invasion is guilty of a Class 4 felony." 720 ILCS 5/16A—10(2) (West 1996).

In his motion to dismiss the felony retail theft charge, the defendant argued that attempted burglary was not one of the enumerated offenses that served to enhance a retail theft misdemeanor to felony status. The trial court granted defendant's motion, finding that since the statute did not specifically include attempt offenses, "[t]he benefit should go to the Defendant."

## DISCUSSION

■ The instant case involves a question of law, namely, the construction of a statute. As such, our review is *de novo*, and we may independently review the statute. See *City of Chicago v. Illinois Commerce Comm'n*, 286 Ill. App. 3d 557, 676 N.E.2d 275 (1997); *People v. Bryant*, 101 Ill. App. 2d 314, 243 N.E.2d 354 (1968).

■ In accordance with rules of construction, this court must first give effect to the plain language of the statute. As provided in *People v. Woodard*, 175 Ill. 2d 435, 677 N.E.2d 935 (1997):

> "The primary rule of statutory construction is to ascertain and give effect to the intention of the legislature, and that inquiry appropriately begins with the language of the statute. [Citation.] There is no rule of construction which allows the court to declare that the legislature did not mean what the plain language of the statute imports. Where an enactment is clear and unambiguous, the court is not free to depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express [citations], nor is it necessary for the court to search for any subtle or not readily apparent intention of the legislature [citations]. Where the language of a statute is clear and unambiguous, it will be given effect without resort to other aids for construction. [Citation.] Criminal or penal statutes are to be strictly construed in favor of an accused and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute. [Citation.]" *Woodard*, 175 Ill. 2d at 443-44, 677 N.E.2d at 939.

Accord *People v. Tucker*, 167 Ill. 2d 431, 657 N.E.2d 1009 (1995). When the language of the statute is unclear, courts may consider legislative history, including legislative debates, to determine legislative intent.

*People v. Lowe,* 153 Ill. 2d 195, 606 N.E.2d 1167 (1992); *Advincula v. United Blood Services,* 176 Ill. 2d 1, 678 N.E.2d 1009 (1996) (courts may look beyond the statutory language only where that language is ambiguous or inconclusive or a literal interpretation would lead to an absurd result). The courts will look to the objective the legislature sought to accomplish and the evils it desired to remedy. *Tucker,* 167 Ill. 2d 431, 657 N.E.2d 1009; *People v. Scharlau,* 141 Ill. 2d 180, 565 N.E.2d 1319 (1990).

■ The statute in the instant case provides that the offense of retail theft of property can be enhanced from a Class A misdemeanor to a Class 4 felony when the person "has been previously convicted of any type of theft, robbery, armed robbery, burglary, residential burglary, possession of burglary tools or home invasion." 720 ILCS 5/16A—10(2) (West 1996). Our construction of this statute begins first with the question of whether the term "any type" refers only to the offense of theft, as the defendant contends, or refers to each of the offenses listed thereafter, including burglary, as the State contends. We would be inclined to agree with the defendant. Our inclination is not based upon the legislature's failure to precede each enumerated offense with the phrase "any type," as we believe that in many circumstances a modifier at the beginning of a series can apply to each item in the series so as to avoid unnecessary redundancy and excess verbiage. We note, however, that there are clearer ways to accomplish that goal such as, for example, by placing a colon after the modifying term or phrase and before the enumeration of the series.

Here, however, an examination of the offenses listed suggests that the phrase "any type" modifies only theft. Of the offenses listed, only the offense of theft appears in its broadest variance so as to encompass many statutory theft-related offenses, including but not limited to theft by lessee (720 ILCS 5/16—1.1 (West 1996)), theft of lost or mislaid property (720 ILCS 5/16—2 (West 1996)), theft of labor or services or use of property (720 ILCS 5/16—3 (West 1996)), theft from coin-operated machines (720 ILCS 5/16—5 (West 1996)), and retail theft (720 ILCS 5/16A—1 (West 1996)). See *People v. Sierra,* 122 Ill. App. 3d 822, 824, 461 N.E.2d 1079, 1081 (1984) (suggesting that "any type of theft" in section 16—1, the theft statute (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)(1) (now 720 ILCS 5/16—1(b)(2) (West 1996))), would include not only the offense of theft as delineated in section 16—1 but also the offense of theft of labor or services or use of property (Ill. Rev. Stat. 1981, ch. 38, par. 16—3(a) (now 720 ILCS 5/16—3(a) (West 1996))). Several of the remaining listed offenses are more limited in scope. This is especially true with respect to the offenses of armed robbery, residential burglary, possession of burglary tools and

home invasion. Those offenses, delineated in sections 18—2, 19—3, 19—2, and 12—11, respectively, of the Criminal Code (720 ILCS 5/18—2, 19—3, 19—2, 12—11 (West 1996)), can only be committed in the manner described in those respective provisions such that there is only one choate "type" of each of those offenses. (As will be discussed in detail below, we find the phrase "any type" does not implicitly include the inchoate forms of the enumerated offenses.) Thus, the modifying phrase "any type" would be relatively meaningless as to them.

If the phrase "any type" was intended to apply forward beyond the offense of theft, it should be able to be applied uniformly to each offense in the series. Since it cannot apply to the offenses of armed robbery, residential burglary, possession of burglary tools, or home invasion, the inference can be made that the phrase "any type" should apply only to the term immediately following, that is, theft. This would, however, leave the listed offenses of "robbery" and "burglary" to their most basic forms as prescribed in sections 18—1 and 19—1 of the Criminal Code (720 ILCS 5/18—1, 19—1 (West 1996)), especially since other more specific forms of those offenses, such as armed robbery and residential burglary, have been specifically and separately listed. However, we are mindful that such an interpretation would exclude, for no apparent reason, other unlisted and specific forms of robbery and burglary such as aggravated robbery (720 ILCS 5/18—5 (West 1996)), vehicular hijacking (720 ILCS 5/18—3 (West 1996)), and criminal trespass to a residence (720 ILCS 5/19—4 (West 1996)). Thus, at best, the extent to which the phrase "any type" modifies offenses other than theft remains ambiguous.

To the extent an ambiguity exists, it cannot be resolved by referring to the legislative declaration for the retail theft statute or to the legislative debates regarding passage of that statute. The legislative declaration to the retail theft statute provides as follows:

> "It is the public policy of this State that the substantial burden placed upon the economy of this State resulting from the rising incidence of retail theft is a matter of grave concern to the people of this State who have a right to be protected in their health, safety and welfare from the effects of this crime." 720 ILCS 5/16A—1 (West 1996).

Statements made by various legislators during passage of the retail theft statute also show that the purpose of the act was to combat the growing problem of shoplifting. See 85th Ill. Gen. Assem., Senate Proceedings, June 20, 1975, at 100 (statements of Senator Partee); 85th Ill. Gen. Assem. House Proceedings, June 11, 1975, at 113 (statements of Representative Sangmeister). The only reference to the

enhancement provision of the retail theft statute during its debate occurred when Representative Duff noted the harshness of enhancing a subsequent retail theft offense with a prior retail theft conviction, stating that many retail theft offenders are "not constant, arrogant criminals" but, rather, "youngsters" and "poor people who steal bread." 85th Ill. Gen. Assem., House Proceedings, June 11, 1975, at 114 (statements of Representative Duff). No discussion was had with respect to the use of other property-related offenses as enhancers.

Citing the legislature's expressed desire to protect the economy from the effects of retail theft, the State would ask us to interpret the term "any type" broadly. This we cannot do. Assuming the goal of the legislature was to curtail shoplifting offenses, arguably that goal is substantially fulfilled by limiting the enhancement of retail theft offenses to other preceding retail theft convictions. One may well contend that there is less of a relationship to curtailment of retail theft offenses when enhancement occurs as a result of prior convictions involving other types of property-related offenses. In fact, as stated, the only discussion had with respect to the enhancement provision of the retail theft statute prior to its passage occurred with respect to the use of prior retail theft convictions as enhancers. 85th Ill. Gen. Assem. House Proceedings, June 11, 1975, at 114 (statements of Representative Duff).

■ However, we need not fully determine this question because even if we were to assume that the phrase "any type" modifies some of the other offenses in addition to theft, there is no reason to conclude that the phrase "any type" encompasses "attempt" offenses which are the inchoate forms of the offenses enumerated in the enhancement provision. We cannot agree with the State that a lesser included "type" of an offense is a "type" of the greater. Inchoate forms of offenses lack fulfillment of intent or completion. See 720 ILCS 5/8—4 (West 1996) ("[a] person commits attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense"). For instance, a person charged with attempted retail theft may have intent to commit retail theft and may further that intent by taking possession of and concealing an item of merchandise but will not commit the choate offense if arrested before passing the last point of sale. See *People v. Steele*, 156 Ill. App. 3d 508, 509 N.E.2d 719 (1987) (suggesting that attempted retail theft occurs when person having possession of merchandise is arrested before passing last known station for payment). Had the arrest not occurred, the person would have had an opportunity to return the item and forego commission of the choate offense. In the event that a person is subsequently convicted of a separate choate offense

652

for retail theft, should the penalty for that offense be enhanced based upon the earlier uncompleted offense? Is it appropriate to refer to an "attempt" to commit a specific offense as a "type" of the offense which was attempted but not completed? In the absence of a clear directive to that end, it is not for us to extend the enhancement provision to such a situation. If the legislature had desired to enhance with inchoate offenses, it could have done so using explicit, plain and unambiguous language. Absent such language, we cannot judicially legislate that result. Criminal statutes are to be strictly construed in favor of the accused, and we cannot imply an intendment beyond the plain and obvious language of a statute. *Woodard*, 175 Ill. 2d at 443-44, 677 N.E.2d at 939; *Tucker*, 167 Ill. 2d 431, 657 N.E.2d 1009. Accordingly, we cannot find that the phrase "any type" in section 16A—10(2) of the retail theft provision includes attempted burglary so as to allow enhancement of the retail theft offense in the instant case from a Class A misdemeanor to a Class 4 felony.

For the foregoing reasons, we affirm the dismissal order of the circuit court of Cook County.

Affirmed.

McNULTY and COUSINS, JJ., concur.