THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JULIE M. RODGERS, Defendant-Appellant.

Third District No. 3—87—0106

Opinion filed September 11, 1987.

Thomas A. Lilien, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Julie Rodgers, was convicted of retail theft on an accountability theory. (Ill. Rev. Stat. 1985, ch. 38, pars. 16A—3(a), 5—2(c).) The trial court sentenced her to nine months of court supervision, two days of imprisonment and a $150 fine. She appeals.

At trial, Jodi Richter, a salesclerk at the "Shoe Works," testified that the defendant and another woman, Lisa Johnson, entered the store and began looking at shoes. While following the two women, Richter heard one of them say, "She's watching us." Richter then got a co-worker and her companion to help watch the defendant and Johnson, who was carrying a large black purse. As the Shoe Works' employees watched, Johnson tried on a pair of white boots. Either Johnson or the defendant then replaced the boots' box in a stack of similar boxes and the two women left the store. Richter immediately checked the box, finding it empty. The other store employee and her companion followed Johnson and the defendant, writing down the license plate number of the defendant's car, while Richter called the police.

Peoria police officer William Calbow testified that he stopped the defendant's car after receiving a dispatch regarding the shoplifting incident. Johnson was driving, with the defendant in the front passenger seat. Upon receiving the defendant's consent, Officer Calbow searched her car. He found a pair of white boots in a large black purse, which was lying between the passenger's seat and the driver's seat. The purse was open and facing the driver.

The defendant testified that she, Johnson and two other women went shopping on the day of the incident, taking the defendant's car. One of the other women stole a coat from a store and put it in the defendant's car. After the defendant told the woman to remove the coat, an argument ensued and the other two women left the defendant and Johnson. Johnson and the defendant then went into the Shoe Works. As they sat back to back trying on shoes, the defendant heard Johnson say, "I think that bitch saw me put the shoes into my purse. Let's go." Johnson immediately left the store. The defendant took off the boots she had been trying on, returned them to the shelf, and followed Johnson. Johnson, who was approximately 20 to 30 feet in front of her, got into the driver's side of the defendant's car, which still had the keys in it. After the defendant entered the passenger side, they drove away. The defendant denied seeing Johnson put the boots in her purse and claimed that the purse remained closed at all times, preventing her from seeing its contents.

On appeal, the defendant argues that the State failed to prove her guilty beyond a reasonable doubt of retail theft on an accountability theory. The issue, then, is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

■ To secure a conviction on accountability principles, the State must prove that the defendant, either before or during the offense, with intent to promote or facilitate the offense, solicited, aided, abetted, agreed, or attempted to aid another person in the planning or commission of the offense. (Ill. Rev. Stat. 1985, ch. 38, par. 5—2(c).) The State must prove more than the defendant's presence at the scene of the offense, his knowledge that the offense was being committed, or his negative acquiescence in the offense. (See *People v. Bowman* (1971), 132 Ill. App. 2d 744, 270 N.E.2d 285.) While the State need not show the defendant's actual participation in the incident, it must show his involvement in some fashion and his sharing of the criminal purpose underlying the offense. See *People v. Wright* (1976), 43 Ill. App. 3d 458, 357 N.E.2d 224.

■ In the instant case, the defendant admitted that she heard Johnson say, "I think the bitch saw me put the shoes into my purse. Let's go." Richter testified that she heard one of the women say to the other, "She's watching us." The arresting officer testified that Johnson's open purse was lying between the front seats, with the stolen boots in plain view. While the defendant denied this last fact and claimed she did not hear or make any statement about the salesclerk's watching them, it is the exclusive province of the trier of fact to assess the weight and credibility of the witnesses' testimony. (*People v. Reese* (1973), 54 Ill. 2d 51, 294 N.E.2d 288.) Based on the evidence in this case, we find that a rational trier of fact could have found that the defendant knew the stolen boots were in Johnson's purse when the women exited the store and drove away.

■ As for the defendant's involvement and shared criminal purpose, we find that she did not merely negatively acquiesce in the crime. Instead, she actively allowed Johnson to use her car to flee the scene and the police Richter was summoning. The defendant admitted that Johnson waited for her in the car, that the defendant got in and voiced no objections to their driving away, and that she planned to take Johnson home, then go home herself. We find that a rational trier of fact could have concluded that the evidence established beyond a reasonable doubt that the defendant aided Johnson in perpetrating the crime and was, therefore, guilty of retail theft on an accountability theory.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY, P.J., and WOMBACHER, J., concur.