568 So.2d 92 (1990)
Arthur THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00526.
District Court of Appeal of Florida, Second District.
October 12, 1990.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wendy Buffington, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Arthur Thomas appeals his conviction for felony petit theft. We affirm.
Elizabeth Rorrer, manager of a Circle K convenience store on Pass-a-Grille Beach, Pinellas County, testified that Thomas and another man entered the store together. Thomas stood near the cigarette rack while the other individual attempted to distract Ms. Rorrer with questions, a technique apparently common to shoplifters. Immediately after the two men left the store Rorrer checked the cigarette supply and discovered one carton of "Marlboro reds soft pack" missing. Police were able to stop the suspects' vehicle, and recovered a carton of the same brand of cigarettes bearing a "We I.D." sticker used by the Circle K chain.
The arresting officer, Richard Cioce, took two Polaroid photographs of the cigarettes. *93 The cigarettes themselves were returned to the Circle K store and were not produced at Thomas's trial. Instead, the state was permitted to substitute the pictures taken by the officer. Thomas objected that the photos failed to comply with section 90.91, Florida Statutes (1987). This section provides that "[i]n any prosecution for a crime involving the wrongful taking of property, a photograph of the property ... may be deemed competent evidence of such property and may be admissible ... to the same extent as if such property were introduced as evidence."
The statute sets forth certain requirements, some of which were not met in the present case. For example, the photograph must bear certain information about the subject property and the alleged theft, and this writing "shall be made under oath by the investigating law enforcement officer." It appears that Cioce merely initialled the photos without executing an oath. Additionally, the photo must be "fil[ed] ... with the law enforcement authority or court holding such property as evidence." The pictures were never filed, but were merely brought into court at trial by the witness. Therefore the question before us, which appears to be one of first impression, is under what circumstances noncompliance with section 90.91 will serve to invalidate a theft conviction where photographic evidence has been used.
We hold that an accused who objects to a violation of section 90.91 must demonstrate that prejudice results from the failure to comply with the statute's technical requirements. Section 90.91 was adopted in 1984, at which time the legislature made certain findings of fact. Recognizing that victims of theft "may lose valuable property to a criminal, only to suffer continued loss for long periods of time to law enforcement officials, until the trial or appeal has been completed," they attempted to craft an alternative whereby victims and witnesses may be accommodated "without infringing upon the constitutional rights of defendants." § 2, Ch. 84-363, Laws of Fla.
Prior to that time, Thomas claims, "the state had to submit the actual item stolen." This is not necessarily so. In fact, Professor Ehrhardt describes the requirements of section 90.91 as "much more stringent than the rules were prior to the enactment of the statute." Ehrhardt, Florida Evidence, 2d Ed. (1989 Supp.) at 22 n. 6. "The Sixth Amendment is not offended when there is reliable secondary evidence as a substitute for the physical evidence." United States v. Kail, 804 F.2d 441, 447 (8th Cir.1986). See also People of the Territory of Guam v. Ojeda, 758 F.2d 403 (9th Cir.1985) (photo of stolen jewelry an acceptable substitute). If production of the property itself were an absolute requirement, no prosecution could be brought where the property was lost or destroyed prior to trial.
In the present case, the circumstances clearly demonstrate the harmlessness of the statutory violation. The state's case was one of strong circumstantial evidence, and could have been made  and defended against  regardless whether a photograph or the cigarettes themselves were introduced at trial. The description of the property missing from the store exactly matched the items found in appellant's automobile. Unlike a prosecution for possession of contraband, the physical nature of the property (e.g., chemical composition of narcotics, length of a short-barreled shotgun) was not at issue. Neither was value a legitimate issue, since this particular charge was a felony only by virtue of appellant's prior record. § 812.014(2)(d), Fla. Stat. (1989). Any error in the trial court's ruling was therefore harmless beyond a reasonable doubt.
Affirmed.
SCHOONOVER, C.J., and RYDER and CAMPBELL, JJ., concur.