THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THAD-DEUS MIKOLAJEWSKI, a/k/a Edward Kazmierski, Defendant-Appellant.

First District (1st Division)   No. 1—93—2381

Opinion filed April 17, 1995.

Alfred L. Levinson, of Des Plaines, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Sang Won Shim, and James Navarre, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WOLFSON delivered the opinion of the court:

The legislature has recognized that owners of stolen property should be able to recover their property without delay. A statute permits the use of photographs in place of the stolen item in a prosecution for certain offenses. This case requires us to examine that statute and the impact it had on this jury trial.

On February 5, 1992, the defendant Thaddeus Mikolajewski (a/k/a Edward Kazmierski) was arrested with Stanley Romanowski and Joseph Nickels for the crime of felony retail theft. The defendant was tried alone. After conviction, he was sentenced to a prison term of three years, to run consecutively to other offenses for which the defendant was on bond at the time of this offense.

At trial, the defendant vigorously opposed the admission of photographs of the stolen property. He specifically challenged the failure of the photographs to reflect the value of the property and the State's reliance on hearsay evidence to prove value. He asked that the jury be instructed on lesser-included offenses. The trial judge refused.

We find the trial court erred in refusing to instruct the jury on the lesser-included offense of misdemeanor retail theft. Using the authority granted us by Supreme Court Rule 366(a) (134 Ill. 2d R. 366(a)), we reduce the offense to misdemeanor retail theft and remand for sentencing on that conviction.

EVIDENCE AT TRIAL

Evidence that the defendant was involved in the theft of property from Kohl's Department Store in Norridge was persuasive and need not be set out in detail.

A store security officer, Ruth Paulsen, saw Romanowski and Nickels remove four comforters from display bins in the domestics department. Paulsen and another security officer, Caroline Ewald, watched the two men leave the store without paying for the comforters. The two security officers and a Norridge police officer saw the two men enter the defendant's car, which had made five passes past the front door of Kohl's. The defendant finally parked it about 50 yards from the front entrance.

The police stopped the car just after it left the parking lot. The sealed comforters, bearing the Kohl's labels, were recovered. Later, at the Norridge police station, the defendant admitted he was going to be paid $100 to drive the other two men to Kohl's for the purpose of stealing merchandise.

Later that evening, Corporal Blachut took a photograph of the comforters. Then Ruth Paulsen came to the police station. She asked for the comforters. Corporal Blachut called Assistant State's Attorney Catania, who was the felony review State's Attorney on duty that night. Catania gave Corporal Blachut permission to return the comforters to Kohl's. That permission was oral. There never was a written request from any assistant State's Attorney to return the property. Catania never looked at the comforters or the photograph.

Paulsen took the comforters back to the store, where she photographed them and returned them to inventory. The comforter trail ends there.

The next morning, the defendant was brought before a judge. The judge determined there was no probable cause to detain the defendant, and he was released. At that point, no charge was pending against the defendant.

Nothing of interest happened until February 18, 1992, when a grand jury returned an indictment against the defendant, charging felony retail theft. The indictment was filed February 25, 1992. The defendant was not arrested on the charge until some time in September 1992.

At trial, over objection, the State introduced into evidence the photographs taken by Corporal Blachut and by Ruth Paulsen.

The photographs showed the comforters, still in their original wrapping, with Kohl's labels attached. But none of the photographs showed the price of any of the items. To prove value, Paulsen testified that she had seen the price tags, which are placed on the merchandise at Kohl's distribution center in Menomonee Falls, Wisconsin. She had nothing to do with that pricing. Added together, the price tags she saw reflected a retail price of $419.96, well above the $150 point that separates the felony from the misdemeanor under

the retail theft statute. (See 720 ILCS 5/16A—3, 16A—10 (West 1992).) No price tags were produced at trial.

The defendant objected to the value testimony as inadmissible hearsay. In final argument, he talked about the State's failure to show the actual merchandise, with price tags, to the jury. He argued that the State failed to prove the value of the merchandise. The trial judge overruled the State's objection to that lack of value argument, but refused to tender any lesser-included offense instructions to the jury.

The jury found the defendant guilty of retail theft in excess of $150.

DECISION

At trial, and here, the defendant centers his attack on the statute authorizing substitution of photographs for stolen property. Section 115—9 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—9 (West 1992)) reads:

"§ 115—9. (a) In a prosecution for theft, retail theft, deceptive practice, robbery, armed robbery, burglary or residential burglary, the court shall receive as competent evidence, a photograph of property over which the accused is alleged to have exerted unauthorized control or to have otherwise obtained unlawfully, if the photograph:

(1) will serve the purpose of demonstrating the nature of the property; and

(2) is otherwise admissible into evidence under all other rules of law governing the admissibility of photographs into evidence. The fact that it is impractical to introduce into evidence the actual property for any reason, including its size, weight, or unavailability, need not be established for the court to find a photograph of that property to be competent evidence. If a photograph is found to be competent evidence under this subsection, it is admissible into evidence in place of the property and to the same extent as the property itself.

(b) A law enforcement agency that is holding as evidence property over which a person is alleged to have exerted unauthorized control or to have otherwise obtained unlawfully, shall return that property to its owner if:

(1) the property has been photographed in a manner that will serve the purpose of demonstrating the nature of the property, and if these photographs are filed with or retained by the law enforcement agency in place of the property;

(2) receipt for the property is obtained from the owner upon delivery by the law enforcement agency;

(3) the prosecuting attorney who is prosecuting a case that involves the property furnishes the law enforcement agency with a written request for return of the property to its owner; and

(4) the property may be lawfully possessed by the owner.

(c) Notwithstanding the provisions of subsection (b) of this Section a court may, if a motion so requesting is filed by defendant before expiration of the time period specified in subsection (d) of this Section, order the law enforcement agency to hold such property as evidence pending completion of trial.

(d) The time period during which the defendant may file a motion with the court for retention of the property as evidence shall be as follows:

(1) if the property was being displayed, held, stored or offered for sale to the public by a person or entity holding a Retailers Occupation Tax Number issued by the State of Illinois, the time period shall expire 14 days after the arrest of the defendant;

(2) for all other property, the time period shall expire 30 days after the filing of an information or indictment, or in the case of misdemeanor charges within 30 days after the filing of a complaint."

■ Defendant first contends the statute violates various provisions of the United States and Illinois constitutions. He cites no authority to support his contention, and for that reason we hold the constitutional argument is waived. *People v. Felella* (1989), 131 Ill. 2d 525, 540, 546 N.E.2d 492; *People v. Trimble* (1989), 181 Ill. App. 3d 355, 537 N.E.2d 363.

Defendant next argues that the photographs should not have been admitted because the provisions of section 115—9 were not followed.

They were not. Subsection (b) provides for return of the property to the owner. The comforters could not be returned to Kohl's unless "(3) the prosecuting attorney who is prosecuting a case that involves the property furnishes the law enforcement agency with a written request for return of the property to its owner." 725 ILCS 5/115—9(b)(3) (West 1992).

To comply with the statute that night, Assistant State's Attorney Catania would have to have given the Norridge police department a written request to return the comforters to Kohl's. That was not done. The trial judge recognized the failure to follow subsection (b)(3), but wrote it off as a way of returning property to the owner, with no impact on admissibility of the photographs at trial.

■ We do not agree. We believe subsection (b)(3) was intended to interpose the judgment of someone who would exercise discretion to protect the integrity of the statutory plan. That is why the "prosecut-

ing attorney who is prosecuting a case that involves the property" was charged with making the written request to return the property. The legislature must have intended something more than a writing exercise.

We find support for this view in the legislative debates that resulted in the addition of subsection (b)(3) to the statute:

> "Nelson: Thank you very much, Mr. Speaker. Members of the House, House Bill 268 originally was the Bill to allow the use of photographic evidence in court. The Amendment added by the Senate *tightens one section and says that the prosecuting attorney must furnish a written request for the return of the property to its owner.* I would move at this time for concurrence with Senate Amendment 1 to House Bill 268." (Emphasis added.) 83d Ill. Gen. Assem., House Proceedings, June 28, 1983, at 16.

Presumably, an assistant State's Attorney who examined the Norridge police department photograph would have noticed the prices could not be made out, raising a potential problem at trial. That prosecutor would order a better photograph before directing the return of the property.

Failure to follow another provision of the statute compounds the dilemma. Subsection (c) allows a defendant to ask a judge for an order requiring the police to hold the property pending trial. Subsection (d)(1) requires that any motion for retention concerning a retailer's property be made within "14 days after the arrest of the defendant." 725 ILCS 5/115—9(d)(1) (West 1992).

In this case, the defendant, with some justification, never made the motion. The statute does not cover the situation where a defendant is released without charge, then indicted 19 days later.

The State contends the defendant was required to make the motion, whether or not a charge was pending, if he wanted the evidence preserved. The trial judge agreed.

The State's contention misses the point.

The defendant's first opportunity to make the motion to preserve was the day after his arrest, when he appeared before a judge. By then, the comforters were long gone. They were back on Kohl's shelves or gracing the bed of some legitimate purchaser. The motion would be a useless act. The statute was violated a second time when the property was returned before the 14 days expired.

We must now determine what impact, if any, the failure to follow the strict terms of section 115—9 had on the trial.

We find no Illinois decisions on this question. Decisions from other States with similar statutes have found no demonstrated prejudice from the failure to follow technical requirements. *Thomas v.*

*State* (Fla. App. 1990), 568 So. 2d 92; *State v. Bouillon* (1975), 112 Ariz. 238, 540 P.2d 1219.

In this case, the State proved the offense of retail theft. Evidence that the stolen comforters were displayed, held, stored, or offered for sale by Kohl's is enough to establish the crime. (*People v. McNeal* (1983), 120 Ill. App. 3d 625, 628, 458 N.E.2d 630.) Presence of the comforters in court, either in person or through photographs, was not required to prove the retail theft. *People v. Drake* (1985), 131 Ill. App. 3d 466, 475 N.E.2d 1018.

Because the evidence of defendant's complicity in a retail theft was strong, we find admission of the photographs was harmless error. But that is not the end of the inquiry.

The State was required to prove the value of the comforters. Value is an element of the offense of retail theft and must be resolved by the trier of fact. 720 ILCS 5/16A—10 (West 1992).

The photographs did not help the State prove value. In fact, the failure of the photographs to reflect any price created an issue that leads us to reduce the conviction to a misdemeanor.

The State relied on hearsay to prove value. Ruth Paulsen testified to the contents of price tags she had seen on the comforter packages. No tags were produced in court. Ms. Paulsen had no understanding of the actual value of the merchandise. She knew that the price tags were placed on the packages at a Kohl's distribution center in Wisconsin.

There is authority for the proposition that tags or labels purporting to have been affixed in the course of business and indicating ownership, control, or origin, should be considered self-authenticating. "The basis for self-authentication of these items is the day-to-day reliance by members of the public on their correctness and the unlikelihood of fabrication." M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 902.6, at 824 (6th ed. 1994). See *People v. Leman* (1968), 95 Ill. App. 2d 212, 238 N.E.2d 213.

The State relies on *People v. Drake* (1985), 131 Ill. App. 3d 466, 475 N.E.2d 1018, to support the admissibility of Ms. Paulsen's value testimony as an exception to the hearsay rule. In *Drake*, the stolen items were not available for trial. The store manager testified to his personal knowledge and observation of price stickers on those items. The court held the store manager's testimony about the stickers satisfied the rule against hearsay.

In the retail theft case before us, the price tag stickers on the comforters would have been admissible evidence of value. The statute provides that the stated advertised price is the full retail value. (720 ILCS 5/16A—2.2 (West 1992).) The price tags were self-authenticating and admissible as an exception to the hearsay rule.

Whether the original writing rule would have posed a barrier to Ms. Paulsen's testimony about the tags is an issue we need not decide, since no such objection was made at trial. See *Lam v. Northern Illinois Gas Co.* (1983), 114 Ill. App. 3d 325, 449 N.E.2d 1007.

During final argument, over the State's objection, the defendant vigorously argued that value had not been proved. Although the defendant did not offer any evidence of value, the issue was drawn. Ruth Paulsen's photographs, like the police department photograph, did not reflect prices. The comforters were gone. She had no real knowledge of how or why the price tags were placed on the packages. The jury was being asked to accept her hearsay testimony at face value. It did not have to. The lack of an instruction on the lesser-included retail theft charge deprived the jury of a rational choice.

■ Given the state of the record, it was error for the trial judge to refuse an instruction on a lesser-included offense. Conflicting testimony on the disputed factual element is not required to justify the instruction. It is enough "if the conclusion as to the lesser offense may fairly be inferred from the evidence presented." (*People v. Novak* (1994), 163 Ill. 2d 93, 108, 643 N.E.2d 762.) The amount of evidence necessary to prove the lesser offense, rather than the greater, has been described as "any," "some," "slight," or "very slight." *Novak*, 163 Ill. 2d at 109.

We see no useful purpose in remanding this case for another trial. Since the comforters obviously had some value, the interests of justice would be better served by reducing the defendant's conviction to a misdemeanor and remanding the case to the trial court for sentencing. Because of our disposition of this case, discussion of other issues raised by the defendant is unnecessary.

CONCLUSION

The defendant's conviction is reduced to retail theft not in excess of $150, and the cause is remanded for sentencing on that charge.

Reversed and remanded with directions.

BUCKLEY and BRADEN, JJ., concur.