COPE, Judge.
The State appeals an order dismissing its prosecution of defendant-appellee Gloria Hyatt in a shoplifting case. We reverse.
A store security officer stopped defendant outside a Lord and Taylor store and.examined the contents of her shopping bag. By the security officer’s account, defendant had a receipt for one item but no receipts for other Lord and Taylor items. The police were called and defendant was arrested. The security officer photographed the allegedly stolen merchandise, which was left with the store.
Two weeks after the arrest, defendant filed a motion to inspect and photograph the clothing at issue. Four weeks after the arrest, the trial court granted the motion.
In the meantime, the items of clothing had been returned to the store shelves, where they were commingled with other clothing. Thus there was no way for the department store to identify and produce the clothing (assuming that the clothing had not already been sold).
The trial court granted the defendant’s motion to dismiss the case on the theory that the department store had disposed of the physical evidence without giving the defendant a chance to inspect it. In so doing, the trial court reasoned that the store security officer was an agent of the State and that the actions of the security officer should be attributed to the State. The State has appealed.
The underlying premise of the trial court’s order is that a shoplifting prosecution cannot be based on photographs of the allegedly stolen merchandise. That premise is incorrect. The Evidence Code allows photographs to be made of the property, and allows the property to be returned to the owner.[1] Section 90.91, Florida Statutes (1995), states:
*678 90.91. Photographs of property wrongfully taken; use in prosecution, procedure; return of property to owner
In any prosecution for a crime involving the wrongful taking of property, a photograph of the property alleged to have been wrongfully taken may be deemed competent evidence of such property and may be admissible in the prosecution to the same extent as if such property were introduced as evidence. Such photograph shall bear a written description of the property alleged to have been wrongfully taken, the name of the owner of the property, the location where the alleged wrongful taking occurred, the name of the investigating law enforcement officer, the date the photograph was taken, and the name of the photographer. Such writing shall be made under oath by the investigating law enforcement officer, and the photograph shall be identified by the signature of the photographer. Upon the filing of such photograph and writing with the law enforcement authority or court holding such property as evidence, the property may be returned to the owner from whom the property was taken.
(Emphasis added); see also ch. 84-363, § 2(l)(b), (f), Laws of Fla.[2]
In photographing the goods and returning them to the store’s inventory, the store security officer was proceeding in accordance with rights conferred by the statute. Even if that were not so, we see no facts which would warrant the conclusion that the store security officer could be viewed as an agent of the State.
The order under review is reversed and the cause remanded with directions to reinstate the case, and for further proceedings consistent herewith.
Reversed and remanded.

. In fairness to the trial court, the parties argued the evidentiary aspects of this case on the basis of general evidence principles, and did not call the statute to the court's attention. We need not analyze general evidentiary principles because the statute is controlling.

. The statute contains stringent authentication requirements. However, “[a] violation of § 90.91 will not result in the inadmissibility of the photograph unless the objecting party demonstrates that 'prejudice results from the failure to comply with the statute’s technical requirements.’ ” Charles W. Ehrhardt, Florida Evidence § 401.2, at 100 n. 25 (1996 ed.) (quoting Thomas v. State, 568 So.2d 92, 93 (Fla. 2d DCA 1990)). No issue regarding the authentication of photographs is involved in this appeal.