THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES V. DePAOLO, Defendant-Appellant.

Second District   No. 2—99—0387

Opinion filed November 17, 2000.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and George S. Pfeifer, of Evanston, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Martha M. Gillis, of Evanston, for the People.

JUSTICE COLWELL delivered the opinion of the court:
Following a jury trial, defendant, James V. DePaolo, was found

guilty of felony retail theft (720 ILCS 5/16A—3(a), 16A—10(3) (West 1998)). Defendant appeals and contends that his conviction must be reversed (1) because the evidence was not sufficient to show that he completed the offense of retail theft and he therefore was guilty, at most, of attempted retail theft; (2) because the trial court erred in admitting evidence regarding the value of the allegedly stolen merchandise; and (3) because the trial court failed to properly admonish him of his right to tender a jury instruction on a lesser included offense. We affirm.

At trial, the State called Claude Achkar as a witness. Achkar testified that on July 8, 1998, he was the store manager at a Home Depot store in Downers Grove, Illinois. Achkar described the store as a retail store for home improvement. Achkar testified that, as the store manager, he was familiar with the prices of the items that were for sale in the store. Achkar was also familiar with the layout of the store, which included an open-air "outside garden" area that is normally enclosed by a roof and a high fence. During the summer months, the outside garden area of the store is expanded to accommodate the increased volume of seasonal products on sale there. The expanded area is not enclosed by the roof or the high fence. Instead, the expanded area is enclosed by a temporary wall constructed of products such as bags of topsoil on pallets. The temporary wall is about six or seven feet high. The expanded area that is enclosed by the temporary wall is approximately 10 feet by 50 feet.

On the morning of July 8, 1998, Achkar was on duty at the Home Depot store. Achkar was walking down an aisle in the store when he noticed a person whom he identified in court as defendant. Defendant was putting a trimmer into a shopping cart. The cart already contained two boxed ceiling fans. Achkar said "hello" to defendant, but defendant did not respond and did not make any eye contact with Achkar. Achkar noticed that defendant was "a little nervous."

Achkar observed defendant push the cart down the aisle toward the outside garden area, which is in the back end of the store. Achkar followed defendant as he entered the outside garden area and the expanded area enclosed by the temporary wall. Achkar then went outside the temporary wall and stood about 6 to 10 feet off to defendant's side. Achkar was able to observe defendant through a lowered section of the temporary wall. Defendant did not notice Achkar. Achkar testified:

> "[J]ust as I was standing there, I saw Mr. DePaolo take the trimmer on top of the cart, throw it over the [temporary wall], the stacked product, and land it right in front of me—about six feet away from me, and took the other product, which was two fans, one after another, and tosses them right over."

Achkar further testified that he immediately jumped over the lowered section of the temporary wall and approached defendant while defendant was still in the outside garden area of the store. Achkar told defendant what he had observed. Defendant at first "denied the whole thing." After Achkar identified himself to defendant, defendant's demeanor changed from defensive to "cordial." Achkar then walked with defendant to Achkar's office.

Achkar further testified that after defendant entered Achkar's office defendant made statements to the effect that he had a seven-year-old daughter he was trying to take care of; that he was willing to pay for the items in question; that he had heard Home Depot was an easy target; and that, if Achkar let him go, defendant would help Achkar catch others who were stealing from Home Depot.

Achkar further testified that he made calls to assistants and directed them to retrieve the items that defendant had thrown over the temporary wall. The assistants went and looked for the items but found only an empty trimmer box. They did not find any trace of the fans. Achkar himself later went and looked for the items but could not find them.

At trial, the State presented exhibits that Achkar identified as ceiling fans that were identical to the two fans he saw defendant throw over the wall. Achkar testified that the price of the ceiling fans was $99 each. The State also presented a trimmer box that Achkar identified as the actual box that defendant threw over the wall. Achkar testified that when he saw defendant throw the box over the wall the box contained a Ryobi trimmer priced at $99.

On cross-examination, Achkar testified that there is no cash register in the outside garden area of the Home Depot store. Achkar also testified that the area outside the temporary wall into which the defendant threw the items consisted of a grassy area and a driveway used by drivers making deliveries to Home Depot.

Mike Earl testified that on July 8, 1998, he was an associate manager at the Home Depot store in Downers Grove. At about 10:30 a.m., Earl was paged by Achkar and instructed to immediately come to Achkar's office. When Earl arrived at Achkar's office, Achkar was there with defendant. Earl's testimony corroborated Achkar's testimony regarding the statements that defendant made while defendant was in Achkar's office. Earl also testified that during a brief period when Achkar left the office, defendant offered to give Earl $1,000 if Earl would let defendant go.

Russell Piszczek, a Downers Grove police officer, testified that he was called to the Home Depot store at about 10:30 a.m. on July 8, 1998. When Piszczek arrived at the store, he was met by the store

manager, who escorted him to an office. A person whom Piszczek identified in court as defendant was in the office. Piszczek advised defendant that he had been accused of retail theft. Defendant denied any knowledge of a theft. Piszczek arrested defendant and took him to the police station for booking.

Piszczek further testified that during the booking process defendant stated, "I will be honest, I did it." Piszczek also testified that defendant then stated that he had heard that Home Depot was an easy target "because the outside garden area wasn't fenced"; that he thought the items that he took were worth over $300 each; and that he needed money to pay some workers to finish a job. An inventory done during the booking process revealed that defendant did not have any money on him when he was booked.

Defendant testified that he was at the Home Depot store in Downers Grove on the morning of July 8, 1998; that he was there with his mother to buy plants; that he was in the garden center of the store but had no merchandise with him; that the store manager approached him in the garden center; and that he was then detained in the store manager's office. Defendant denied that while he was in the Home Depot store he ever had a shopping cart in his possession, ever picked up a boxed ceiling fan, or ever picked up a trimmer. Defendant's testimony regarding the events that transpired while he was detained in the office contradicted the testimony of Achkar and Earl regarding the statements that defendant allegedly made while he was in the office. For example, with respect to Earl's testimony that defendant offered to pay for the items, defendant testified that Earl suggested to him that he pay for the items. Defendant also testified that he refused to pay for the items because he did not take anything.

In rebuttal, the State presented evidence showing that defendant had three prior felony convictions. The trial court instructed the jury that it could consider the evidence of defendant's prior convictions only as it affected defendant's believability as a witness.

The jury found defendant guilty of retail theft of merchandise with a retail value in excess of $150, a felony. The trial court entered judgment on the verdict. The trial court later denied defendant's oral motion for a new trial. Following a hearing, the trial court sentenced defendant to five years' incarceration and entered an unsatisfied judgment against defendant in the amount of $198. Defendant's timely notice of appeal followed.

On appeal, defendant first contends that his conviction must be reversed because the evidence was insufficient to support his conviction of felony retail theft. Defendant argues that the evidence supported no more than the offense of attempted retail theft, a misdemeanor.

■ When the sufficiency of the evidence in a criminal trial is challenged on appeal, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). Because it is not a reviewing court's function to retry a defendant, this standard of review is one of great deference to the trier of fact. *People v. Smith*, 177 Ill. 2d 53, 73 (1997). It is the responsibility of the trier of fact to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences regarding basic and ultimate facts. *People v. Howery*, 178 Ill. 2d 1, 38 (1997). A criminal conviction will not be set aside on the ground of insufficient evidence unless the evidence is so improbable or unsatisfactory that there remains a reasonable doubt of the defendant's guilt. *People v. Taylor*, 186 Ill. 2d 439, 445 (1999).

Here, defendant contends that the evidence was sufficient, at most, to convict him of an attempted retail theft but was not sufficient to convict him of a completed retail theft. In support of this position, defendant cites the case of *People v. Steele*, 156 Ill. App. 3d 508 (1987). Defendant posits that *Steele* stands for the proposition that a retail theft is not completed until a defendant passes the last known pay station in a store while in possession of merchandise that he intends to steal. Defendant argues that applying the *Steele* principle to this case shows that he did not complete the retail theft that he was charged with committing because the evidence showed that he never passed the last pay station in the Home Depot store; that he merely threw the items over the temporary wall; that the items landed on Home Depot property; and that he "could have retrieved the items and returned them to the store shelves, but he was not given that opportunity because he was apprehended immediately." In defendant's view, it was therefore error to convict him of retail theft rather than the misdemeanor offense of attempted retail theft.

■ Section 16A—3 of the Criminal Code of 1961 defines the offense of retail theft and provides, in relevant part:

"A person commits the offense of retail theft when he or she knowingly:

(a) Takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment with the intention of retaining such merchandise or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise[.]" 720 ILCS 5/16A—3(a) (West 1998).

In order to convict defendant of retail theft, the State was required to prove the following elements: (1) that defendant knowingly took possession of, carried away, or transferred, or caused to be carried away or transferred merchandise; (2) that the merchandise was displayed, held, stored, or offered for sale in a retail mercantile establishment; and (3) that defendant intended to retain the merchandise, or intended to permanently deprive the merchant of the possession, use, or benefit of the merchandise, without paying the full retail value of the merchandise. See *People v. Rucker*, 294 Ill. App. 3d 218, 226 (1998).

■ Based on our review of the record, we conclude that the State presented sufficient evidence from which a rational jury could have found defendant guilty of a completed retail theft beyond a reasonable doubt. Achkar observed defendant wheel merchandise in a shopping cart to the garden area of the store. Once there, defendant threw the merchandise, a trimmer and two ceiling fans, over the temporary wall in the garden area of the store. For purposes of retail theft, the elements of the offense, including the element of intent to retain permanent unauthorized control of merchandise, can be inferred from circumstantial evidence. *Rucker*, 294 Ill. App. 3d at 226. In this case, the jury could reasonably infer that by throwing the merchandise over the temporary wall defendant had carried away or transferred merchandise. There is no real question that the merchandise was offered for sale in the Home Depot store, a retail mercantile establishment. The jury also could have inferred that by throwing the merchandise over the wall defendant intended to permanently deprive Home Depot of the possession, use, or benefit of the merchandise without paying for it.

Defendant's reliance on *Steele* is misplaced. In *Steele*, this court determined that a retail theft could be deemed completed when a defendant moved merchandise beyond the last known payment station without paying for it. However, nothing in *Steele* indicated that moving merchandise beyond the last known payment station was the only means of establishing that the offense of retail theft had been completed. Here, defendant has not offered a reasonable explanation as to why he threw the merchandise over the wall if it was not to permanently deprive Home Depot of the possession, use, or benefit of the merchandise. Therefore the jury could infer defendant's criminal intent. See *Steele*, 156 Ill. App. 3d at 512 (jury properly weighed defendant's lack of explanation against him).

For these reasons, defendant's contention that the State failed to present sufficient evidence to convict him of retail theft beyond a reasonable doubt fails. Accordingly, defendant is not entitled to reversal of his conviction on that ground.

Defendant next contends that his conviction for retail theft must be reduced from a felony to a misdemeanor because the State failed to prove the element of the offense that is necessary for a felony conviction, *i.e.*, that the merchandise in question had a value in excess of $150. Defendant acknowledges that Achkar testified that the three items of merchandise in question in this case each had a retail value of $99. It is therefore readily apparent that, if Achkar's testimony regarding the value of the items was properly before the jury and was not contradicted, the testimony would be sufficient to show that the value of the items exceeded $150. However, defendant asserts that the trial court erred in allowing the jury to consider Achkar's testimony regarding the value of the items because there was an insufficient foundation for the testimony. Thus, defendant's contention is essentially a challenge to the admissibility of the evidence.

■ Evidentiary rulings are within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *People v. Reid*, 179 Ill. 2d 297, 313 (1997). In the context of an evidentiary ruling, an abuse of discretion occurs if the ruling is arbitrary or unreasonable or if no reasonable person would take the view adopted by the court. *People v. Illgen*, 145 Ill. 2d 353, 364 (1991).

■ When the State charges a defendant with retail theft of property that has a value in excess of $150, value is an element of the offense that must be resolved by the trier of fact as either exceeding or not exceeding $150. 720 ILCS 5/16A—10(3) (West 1998). In the absence of contrary evidence, testimony as to the value of property alleged to be stolen is proper proof of value. *People v. Newton*, 117 Ill. App. 2d 232, 235 (1969).

Defendant cites *People v. Mikolajewski*, 272 Ill. App. 3d 311 (1995), in support of his argument regarding the value of the merchandise. In *Mikolajewski*, the defendant was convicted of felony retail theft. The offense was deemed a felony based solely on the testimony of a store security officer that she had seen price tags attached to the merchandise in question and that the price tags reflected a total retail price for the merchandise of $419.96. The State did not produce the price tags at trial. *Mikolajewski*, 272 Ill. App. 3d at 313-14. The appellate court reversed the defendant's conviction after concluding that the security officer's testimony regarding value was inadmissible hearsay. The court noted that the security officer "had no real knowledge of how or why the price tags were placed on the packages." *Mikolajewski*, 272 Ill. App. 3d at 318.

■ In this case, unlike in *Mikolajewski*, the testimony regarding the retail value of the stolen merchandise was provided by a witness who had knowledge of the prices of the merchandise. Achkar testified

that, as the store manager, he was familiar with the prices of the items in the Home Depot store. Questions regarding the knowledge of a witness in valuing property go toward the weight of the evidence, not its competency. *People v. Foster*, 199 Ill. App. 3d 372, 392 (1990). The testimony of a store manager as to the value of items stolen from his store has been held to be sufficient proof of the stolen items. *People v. Connell*, 91 Ill. App. 3d 326, 335 (1980). Defendant did not object at trial to Achkar's testimony regarding value. Defendant had an opportunity to cross-examine Achkar and could have contested Achkar's knowledge regarding value at that time. Defendant did not do that.

Based on this record, we conclude that the trial court did not abuse its discretion when it admitted Achkar's testimony regarding the value of the items that were allegedly stolen. Accordingly, defendant is not entitled to a reversal of his conviction on the ground that it was error to admit the testimony.

■ Defendant next contends that he is entitled to the reversal of his conviction because the trial court failed to fully admonish him of his right to tender a jury instruction on a lesser-included offense. At trial, during the instructions conference, the trial court broached the topic of a lesser-included-offense instruction by addressing defendant as follows:

"Mr. DePaolo, your attorney has not submitted any lesser[-]include[d][-]offense instructions, and I do not make this comment based upon my thoughts one way or another, whether one is appropriate or not, because I haven't ruled on that, but this is one point some recent case law indicates that the defendant himself or herself should have input into whether or not lesser[-]included[-]offense instructions are tendered to the jury.

Have you talked about this issue with your attorney?"

Defendant's attorney responded that he and defendant had not discussed the issue. The trial court then recessed the proceedings so defendant could discuss the issue with his attorney. Following the recess, defendant's attorney advised the court that he had discussed the issue of lesser-included-offense instructions with defendant and that defendant was not offering any lesser-included-offense instructions. In response to the trial court's inquiry, defendant's attorney also advised the court that the decision not to submit any lesser-included-offense instructions was based upon the attorney's theory of the case and his review of the evidence with defendant. The trial court then asked defendant whether his attorney's statement was correct and whether this was also his decision. To both questions, defendant replied, "Yes, it is."

On appeal, defendant asserts that the trial court should have more

thoroughly admonished him regarding lesser-included-offense instructions because the questions of a possible attempted retail theft and the value of the stolen merchandise were at issue. Defendant maintains that the decision to tender a lesser-included-offense instruction is analogous to the decision as to what plea to enter. Defendant implies that the admonishments regarding lesser-included-offense instructions should therefore be similar to the admonishments regarding pleas.

Defendant raises the legal issue of what admonishments, if any, a trial court is required to give a defendant regarding lesser-included-offense instructions. Because there is no factual dispute regarding the admonishments that were given to defendant, our standard of review is *de novo*. See *People v. Smith*, 191 Ill. 2d 408, 411 (2000).

The State initially responds that defendant has waived this issue by failing to raise it either during the trial or in his posttrial motion. It is well settled that a defendant waives an allegation of error unless he both objects at trial and raises the issue in a posttrial motion. See *People v. Kliner*, 185 Ill. 2d 81, 161 (1998). However, a reviewing court may consider an issue that would otherwise be considered waived when the evidence is closely balanced or the error affects a substantial right. 134 Ill. 2d R. 615(a); *People v. Towns*, 174 Ill. 2d 453, 464 (1996). A defendant's right to tender a lesser-included-offense instruction affects a substantial right. See *People v. Brocksmith*, 162 Ill. 2d 224, 228-29 (1994). We will therefore review the issue.

The sole authority that defendant cites in support of his position is *Brocksmith*. In that case, our supreme court held that the ultimate decision of whether to tender a lesser-included-offense instruction, because it was analogous to the decision of what plea to enter, belonged exclusively to the defendant and not to his attorney. *Brocksmith*, 162 Ill. 2d at 229. However, the question of what admonitions, if any, a defendant should be given regarding lesser-included-offense instructions was not at issue in *Brocksmith*. Thus, defendant's reliance on *Brocksmith* as authority regarding such admonitions is misplaced.

Our research has revealed the case of *People v. Castillo*, 298 Ill. App. 3d 839 (1998), where the appellate court directly addressed the question of whether a court was required to admonish a defendant with respect to his decision regarding the tendering of lesser-included-offense instructions. The *Castillo* court noted the principle stated in *People v. Smith*, 176 Ill. 2d 217 (1997), that courts are not required to admonish a defendant with respect to all the decisions that a defendant has a right to make at trial. The *Castillo* court then determined that the *Smith* principle and its supporting rationale applied to a defendant's decision regarding whether to submit lesser-included-offense instructions. The *Castillo* court stated:

"[T]he circuit court is not required to advise a defendant of the right to make that decision, to inquire whether the defendant knowingly and intelligently waived that decision, or to set of record the defendant's decision on the matter." *Castillo*, 298 Ill. App. 3d at 846.

We agree with *Castillo* that the rationale in *Smith* is applicable to a defendant's decision regarding whether to submit lesser-included-offense instructions. Several of the specific reasons mentioned in *Smith* for not requiring that a court set of record a defendant's decision whether to testify appear to be applicable to a defendant's decision regarding a lesser-included-offense instruction. These include that the decision not be raised as an afterthought after conviction; that the court not influence a defendant's decision; that the court not improperly intrude on the attorney-client relationship; and that the court not interfere with defense strategy. See *Smith*, 176 Ill. 2d at 235. We therefore agree with *Castillo* and conclude that a defendant is not entitled to be admonished with respect to his decision regarding whether to submit lesser-included-offense instructions.

We are aware of a case that suggests that it is appropriate for a trial court to admonish a defendant with respect to his decision whether to submit lesser-included-offense instructions. See *People v. Sinnott*, 226 Ill. App. 3d 923, 931-32 (1992). However, as we read *Sinnott*, the admonishments suggested there are discretionary. Consequently, *Sinnott* does not require us to change our conclusion that a court need not admonish a defendant regarding his decision whether to submit lesser-included-offense instructions.

We are also aware that our supreme court has held that "under appropriate circumstances, a trial court possesses the discretion to instruct a jury *sua sponte* on lesser-included offenses, even where the State does not request such instruction and the defendant objects." *People v. Garcia*, 188 Ill. 2d 265, 282 (1999). However, *Garcia* did not address the question of admonishments, and it is clear that *Garcia* regarded the trial court's authority to instruct a jury regarding lesser-included-offenses as discretionary. Consequently, *Garcia* does not require us to change our conclusion that a court need not admonish a defendant regarding his decision whether to submit lesser-included-offense instructions.

In this case, the trial court properly exercised its discretion when it admonished defendant that he had the right to decide whether to submit lesser-included-offense instructions. Defendant then conferred with his attorney and decided not to submit lesser-included-offense instructions. Defendant concurred in his attorney's statement that the decision was based on a review of the evidence and trial strategy.

Because the trial court was not required to provide any admonishments to defendant regarding his decision, the court was certainly not required to provide any further admonishments to defendant regarding his decision. Therefore, defendant is not entitled to the reversal of his conviction on the ground that the trial court failed to properly admonish him regarding his decision whether to submit lesser-included-offense instructions.

Based on the foregoing, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and RAPP, JJ., concur.