# Illinois Official Reports

## Appellate Court

***People v. Garman*, 2016 IL App (3d) 150406**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN D. GARMAN, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0406 |
| Filed | August 16, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 10-CF-704; the Hon. David A. Brown, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier and Bryon Kohut, both of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Jerry Brady, State's Attorney, of Peoria (Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.<br>Justices Carter and Schmidt concurred in the judgment and opinion. |

**OPINION**

¶ 1    The defendant, John D. Garman, was convicted of residential burglary. He now appeals, arguing his counsel provided ineffective assistance in failing to object to testimony identifying the stolen property. The defendant believes the testimony is inadmissible because police unlawfully returned the property to the victims.

¶ 2                                        FACTS

¶ 3    The State charged the defendant with residential burglary (720 ILCS 5/19-3(a) (West 2010)). The following evidence was adduced at the jury trial.

¶ 4    The victims, Kevin Dixson and Demeca Jackson, lived at 1112 South Matthew in Peoria. Dixson owned a PlayStation 2 (PS2) gaming system and a number of PS2 games. Dixson also owned a PlayStation 3 (PS3) gaming system he recently purchased. Prior to April 4, 2010, the items were in the basement.

¶ 5    In the afternoon of April 4, 2010, Dixson and Jackson left their home to visit family. When the two returned, they discovered the Plexiglas covering the back door had been pushed in and the wood frame splintered. The PS3, PS2, and the games were missing. Dixson called the police.

¶ 6    Detective Elizabeth Blair investigated the burglary. After the burglary, Blair obtained a search warrant for the defendant's residence. The defendant lived across the street from Dixson and Jackson. Blair searched the defendant's bedroom and recovered a duffel bag containing a PS3 and about 30 games. Blair did not recover a PS2 from the defendant.

¶ 7    Dixson came to the police station after the police searched the defendant's home. Dixson provided Blair with a receipt corresponding to the PS3 purchase. The receipt included the PS3 serial number. Dixson also identified the stolen games by title. The police returned a PS3 and several games to Dixson. Blair did not photograph the evidence.

¶ 8    Dixson testified that the serial number of the PS3 he received from the police matched the serial number from the receipt. Dixson also identified the games he received from Blair as the same items stolen from his home. Jackson testified similarly to Dixson. According to Jackson, the PS3 and games she and Dixson received from Blair were the same as those stolen from their home.

¶ 9    Like Dixson, Blair testified that the serial number provided to her by Dixson matched the serial number of the PS3 Blair recovered from the defendant's bedroom. According to Blair, the items she returned to Dixson were the same items recovered from the defendant's bedroom.

¶ 10    The defendant did not present any evidence on his behalf. The jury found the defendant guilty, and the trial court sentenced him to 8½ years' imprisonment.

¶ 11                                     ANALYSIS

¶ 12    Initially, the State concedes Blair failed to comply with the procedure set forth in section 115-9(b) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-9(b) (West 2010)) by returning the stolen property to the victims (Dixson and Jackson) without first photographing the evidence.

¶ 13     Relying on the above error, the defendant claims that his counsel provided ineffective assistance in failing to move to bar Blair and the victims' testimony identifying the stolen property. To succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was objectively unreasonable and (2) the defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Where a claim of ineffective assistance can be disposed of because the defendant suffered no prejudice, we need not determine whether counsel's performance was deficient. See *People v. Griffin*, 178 Ill. 2d 65, 74 (1997).

¶ 14     Turning to the prejudice prong of the *Strickland* standard, the defendant argues the trial court would have barred Blair and the victims' identification testimony because the police failed to comply with section 115-9(b) of the Code. "[I]n order to establish prejudice under *Strickland*, the defendant must demonstrate that the unargued suppression motion is meritorious, and that a reasonable probability exists that the trial outcome would have been different had the evidence been suppressed." *People v. Henderson*, 2013 IL 114040, ¶ 15. In the present context, to show prejudice the defendant must demonstrate that trial counsel's motion to bar Blair and the victims' identification testimony would have been granted and the outcome of the trial would have been different had the evidence been barred.

¶ 15     To determine whether the motion to bar would have been granted, we must consider whether section 115-9 provides a basis to bar evidence at trial. See 725 ILCS 5/115-9 (West 2010). We first observe that section 115-9 of the Code governs the admissibility of *photographic* evidence (not witness testimony). In particular, section 115-9(a) provides:

> "(a) In a prosecution for theft, retail theft, deceptive practice, robbery, armed robbery, burglary or residential burglary, the court shall receive as competent evidence, a *photograph* of property over which the accused is alleged to have exerted unauthorized control or to have otherwise obtained unlawfully, if the photograph:
>
> > (1) will serve the purpose of demonstrating the nature of the property; and
> >
> > (2) is otherwise admissible into evidence under all other rules of law governing the admissibility of photographs into evidence. The fact that it is impractical to introduce into evidence the actual property for any reason, including its size, weight, or unavailability, need not be established for the court to find a photograph of that property to be competent evidence. If a photograph is found to be competent evidence under this subsection, it is admissible into evidence in place of the property and to the same extent as the property itself." (Emphasis added.) 725 ILCS 5/115-9(a)(1), (2) (West 2010).

¶ 16     Notably, the statute says nothing of the admission of witness testimony identifying stolen property. Rather, the statutory language is clear that section 115-9 is limited to the admission of *photographic* evidence in place of physical evidence. When interpreting a statute, courts should not ignore the statute's plain meaning. *People v. Perry*, 224 Ill. 2d 312, 323-24 (2007). In applying this principal, we hold that section 115-9 does not apply to the admissibility of Blair and the victims' testimony. Accordingly, we find that the defendant cannot establish prejudice under *Strickland* because a motion to bar the evidence based on a section 115-9(b) violation would not have been granted.

¶ 17     In reaching this conclusion, we reject the defendant's citation to *People v. Mikolajewski*, 272 Ill. App. 3d 311 (1995). In *Mikolajewski*, the defendant stole merchandise from a retail store. *Id.* Police recovered and photographed the merchandise. *Id.* at 313. The retailer later

asked the police to return the merchandise. The police called the State's Attorney's office and asked for permission to return the property. The assistant State's Attorney gave approval over the phone and did not prepare a written request to return the merchandise.

¶ 18    Over the defendant's objection, the photographs were introduced into evidence at trial. *Id.* at 314. On appeal, the defendant argued the photographs were inadmissible because the State failed to comply with the requirement of section 115-9(b) that the State's Attorney make a written request to the police for the return of the property. *Id.* at 315. The *Mikolajewski* court agreed and held the *photographic* evidence was inadmissible. *Id.* at 315-16.

¶ 19    *Mikolajewski* did not involve the admissibility of identification testimony. By contrast, the present case involved only identification testimony and not photographs. We find *Mikolajewski* distinguishable on this basis.

¶ 20                                      CONCLUSION

¶ 21    The judgment of the circuit court of Peoria County is affirmed.

¶ 22    Affirmed.