NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180528-U

NO. 4-18-0528

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 13, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| LEE O. GREENWOOD JR., | ) | No. 17CF676 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Knecht and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: The evidence was sufficient to prove defendant guilty of retail theft beyond a reasonable doubt on an accountability theory.

¶ 2    In March 2018, a jury found defendant, Lee O. Greenwood Jr., guilty of retail theft (720 ILCS 5/16-25 (West 2016)). Because this was a subsequent offense, defendant was convicted of a Class 4 felony (720 ILCS 5/16-25(f)(2) (West 2016)), and the trial court sentenced him to four years in prison. Defendant appeals, claiming the evidence was insufficient to support the verdict when no merchandise was found in his possession and, according to the surveillance video, his back was turned when another individual concealed merchandise. We affirm.

¶ 3                              I. BACKGROUND

¶ 4    On April 19, 2017, at approximately 7 p.m., Donald Wrigley, a loss prevention officer at Menards, was notified by the lumber yard manager that an individual attempted to exit

the store without paying for a pair of gloves he had in his possession. However, the man returned to the store. Wrigley began monitoring him on the surveillance cameras and discovered "there were two individuals involved," one being defendant. Wrigley testified at trial as follows:

"Q. Briefly, what can be seen on the recordings?

A. During the recordings, you can see the unknown individual take a pair of gloves that the defendant points at. Also, during the recordings on video, you can also see the defendant point at a Sawzall, which is a reciprocating saw. At that point, the unknown individual puts it—conceals the item.

Q. What happened after the concealment of the item?

A. After the concealment of the item, the unknown individual and the defendant began exiting the store, I then stopped the unknown individual due to the fact that he has the merchandise. The defendant sees me stop that individual and then does not exit the store and comes back into the store.

Q. What happened after that?

A. The unknown individual then runs from me across Highway 51 dumping the merchandise. The defendant goes back into our store, walks around our store."

¶ 5        The State played for the jury five surveillance videos depicting defendant and the unknown individual inside the store. Wrigley narrated the videos for the jury. He identified the two men as they entered the store. The videos showed defendant point at a pair of gloves while the other individual picked the gloves up. The men moved to the hardware department where defendant was seen opening a drill box while the other individual placed the gloves in his back pocket and pulled his coat over them. Defendant selected a reciprocating saw hanging on the wall as a display. The two men tried to find a battery that would fit the saw. The unknown individual

began to conceal the saw while defendant walked to the end of the aisle. According to Wrigley, based on his training, defendant acted as "a lookout." The two men walked through a closed register aisle toward the exit. Wrigley approached the unidentified male with the gloves and the reciprocating saw. When defendant saw Wrigley approach the other man, he walked away, back into the store. The unidentified man handed Wrigley the gloves but denied having the saw. Because the man was not cooperating, Wrigley contacted the Macon County Sheriff's Department. The man fled on foot across Highway 51, jumped over a fence, and disappeared.

¶ 6        Both parties rested without defendant presenting evidence. After considering the State's evidence and arguments of counsel, the jury found defendant guilty of retail theft. This appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, defendant claims the State failed to prove him guilty beyond a reasonable doubt of retail theft on an accountability theory. He argues no evidence was presented showing he (1) personally took possession of any Menards's merchandise or (2) aided the unidentified individual in committing theft.

¶ 9        A reviewing court will not set aside a criminal conviction unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). On a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard applies regardless of whether the evidence is direct or circumstantial, and

circumstantial evidence meeting this standard is sufficient to sustain a criminal conviction. *People v. Jackson*, 232 Ill. 2d 246, 281 (2009).

¶ 10　　　　It is the responsibility of the trier of fact to weigh, resolve conflicts in, and draw reasonable inferences from the testimony and other evidence, and it is better equipped than this court to do so as it heard the evidence. *In re Jonathon C.B.*, 2011 IL 107750, ¶ 59. We do not retry the defendant—we do not substitute our judgment for that of the trier of fact on the weight of the evidence or credibility of witnesses—and we accept all reasonable inferences from the record in favor of the State. *In re Q.P.*, 2015 IL 118569, ¶ 24.

¶ 11　　　　The trier of fact need not be satisfied beyond a reasonable doubt as to each link in the chain of circumstances; instead, it is sufficient if all the evidence, taken together, satisfies the trier of fact beyond a reasonable doubt of the defendant's guilt. *Jonathon C.B.*, 2011 IL 107750, ¶ 60. The trier of fact is not required to disregard inferences that flow normally from the evidence, or to seek all possible explanations consistent with innocence and elevate them to reasonable doubt, or to find a witness was not credible merely because the defendant says so. *Id.* "We will not reverse a conviction unless the evidence is so unreasonable, improbable, or unsatisfactory that it raises a reasonable doubt of the defendant's guilt." *People v. Evans*, 209 Ill. 2d 194, 209 (2004).

¶ 12　　　　A person commits retail theft when he or she knowingly takes possession of or carries away merchandise displayed or offered for sale in a retail mercantile establishment with the intention of retaining such merchandise or of permanently depriving the merchant of the possession, use, or benefit of such merchandise without paying its full retail value. 720 ILCS 5/16-25(a)(1) (West 2016); *People v. DePaolo*, 317 Ill. App. 3d 301, 306-07 (2000). The elements of retail theft can be inferred from circumstantial evidence. *Id.* at 307; *People v. Rucker*, 294 Ill. App. 3d 218, 226 (1998).

¶ 13	To sustain a conviction of retail theft on an accountability theory, the State must show beyond a reasonable doubt that either before or during the commission of the offense, and with the intent to promote or facilitate its commission, the defendant solicited, aided, abetted, agreed, or attempted to aid in the planning or commission of the offense. 720 ILCS 5/5-2(c) (West 2016); see also *People v. Rodgers*, 160 Ill. App. 3d 238, 240 (1987).

¶ 14	Specifically, the accountability statute provides a defendant is legally accountable for another's conduct when:

"[E]ither before or during the commission of an offense, and with the intent to promote or facilitate that commission, he or she solicits, aids, abets, agrees, or attempts to aid that other person in the planning or commission of the offense.

When 2 or more persons engage in a common criminal design or agreement, any acts in the furtherance of that common design committed by one party are considered to be the acts of all parties to the common design or agreement and all are equally responsible for the consequences of those further acts. Mere presence at the scene of a crime does not render a person accountable for an offense; a person's presence at the scene of a crime, however, may be considered with other circumstances by the trier of fact when determining accountability." 720 ILCS 5/5-2(c) (West 2016).

¶ 15	A criminal design or agreement may be inferred from the actions of the parties and the surrounding circumstances, including the defendant's presence at the scene, maintaining a close affiliation with the companion after the crime is committed, flight from the scene, and failure to report the crime. *People v. Jones*, 2015 IL App (1st) 142597, ¶¶ 22, 27.

¶ 16        Here, viewing the evidence in the light most favorable to the State, as we must, we find a rational trier of fact could find defendant guilty of retail theft. The video recording showed defendant selecting, by pointing to, the gloves and the reciprocating saw. The unidentified individual was the one who concealed both items, seemingly at defendant's direction. Wrigley testified it appeared defendant also acted as a lookout at the end of the aisle while the other individual concealed the items on his person. Defendant pulled the saw off the display and handed it to the other individual. It appeared defendant tried to block from view the other individual as he placed the saw in his pants.

¶ 17        Given the evidence presented, the jury could reasonably conclude defendant was legally accountable for the unidentified individual's theft of merchandise. Based on the surveillance video, the jury could reasonably draw the inference from the circumstantial evidence that defendant indeed aided and abetted the other individual in the commission of retail theft. See *DePaolo*, 317 Ill. App. 3d at 307.

¶ 18        In sum, we find the record contains sufficient evidence, when viewed in the light most favorable to the prosecution, to support a rational trier of fact's conclusion the State proved the essential elements of the crime, including accountability, beyond a reasonable doubt. That is, we cannot say "the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of the defendant's guilt." *People v. Brown*, 2013 IL 114196, ¶ 48.

¶ 19                                III. CONCLUSION

¶ 20        For the foregoing reasons, we affirm the trial court's judgment.

¶ 21        Affirmed.